VAN DOORN *v.* HEAP.

1. MASTER AND SERVANT — GUARDING AND PROTECTING DANGEROUS INSTRUMENTALITIES—CONTRIBUTORY NEGLIGENCE—PRESUMPTIONS.

It is error, in an action for the negligent death of an employé killed by a piece of timber thrown back by a ripsaw which he was operating, to direct a verdict for the employer on the ground that the evidence failed to show freedom from contributory negligence on the part of the deceased, in a case where no witness saw the accident, and no proof to the contrary is offered by the defendant, the presumption being that he was exercising due care.

2. SAME—ASSUMED RISK—STATUTORY DUTY OF EMPLOYER.

Neglect to guard a ripsaw by a device ordered installed by the State factory inspector, as required by statute, is negligence *per se*, the risk of which is not assumed by a servant who sustains injuries as a result of the failure.[1] Act No. 113, Pub. Acts 1901.

3. SAME—NEGLIGENCE—PROXIMATE CAUSE.

It is a question for the jury to determine whether the absence of a guard and spreader was the proximate cause of decedent's injuries, where it appeared that the device ordered by the factory inspector was intended and would be likely to prevent the danger which caused the injury, and where the evidence justified inferences which bring liability within the realm of probability rather than leaving it a matter of conjecture merely.

4. SAME—EVIDENCE—PREVIOUS ACCIDENT FROM SAME CAUSE.

Testimony concerning other similar occurrences and their cause, was competent to show the proximate cause of the injury.

5. SAME—PARTNERSHIP—PARTIES TO ACTIONS — EFFECT OF PLEA.

By appearing and filing a plea of the general issue entitled with the firm name of the defendants as alleged in the declaration, the defendants admitted the existence of the partnership as averred in the declaration, at least for the purposes of a case where verdict was directed at the close of plaintiff's case.

---

[1] As to servant's assumption of risk of the master's breach of a statutory duty, see note to *Denver, etc., R. Co.* v. *Norgate* (Fed.), 6 L. R. A. (N. S.) 981.

Error to Ottawa; Padgham, J. Submitted January 11, 1910. (Docket No. 36.) Decided March 5, 1910.

Case by John M. Van Doorn, administrator of the estate of Dick Gringhuis, against William Heap, Cecil R. Heap, W. Lionel Heap, and John Henley, copartners as William Heap & Sons, for the negligent killing of plaintiff's intestate. A judgment for defendants on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*Edmund Burfoot* and *George Hollway*, for appellant.
*Fred L. Vandeveer* and *Farr & Farr*, for appellees.

McALVAY, J. Plaintiff as administrator brought this suit to recover for damages for personal injuries, which resulted in the death of his intestate, claimed to have been caused by the negligence of defendants. Deceased was a carpenter and cement worker, and as a carpenter was employed by defendants to work for them outside of their factory in Grand Haven on October 23, 1907. He was changed from this work to work inside the factory, operating a combination ripsaw, on October 24 or 25, 1907, and during the forenoon of the latter day, while putting pieces of stock 5 or 6 inches wide and 20 to 24 inches long through this ripsaw, one of the pieces was thrown back by the saw and struck him in the abdomen with great force, from which injury he died October 27, 1907. The suit was commenced by declaration, to which a plea of the general issue was filed. At the close of plaintiff's case, on motion of the attorney for defendants, the court instructed the jury to return a verdict for defendants. From a judgment duly entered upon such instructed verdict, plaintiff upon a writ of error has brought the case to this court for review.

Errors are assigned upon rulings of the court in excluding evidence, and upon instructing a verdict for defendants. Of the several acts of negligence charged and re-

lied upon by plaintiff in his declaration, but one, for the purposes of the case now presented, need be discussed, and that is, that defendants were guilty of negligence in not properly guarding this ripsaw according to law, and in refusing and neglecting to obey the order of the deputy State factory inspector to guard, protect, and equip this ripsaw with a proper guard and spreader, made and served on defendants September 4, 1907. On behalf of defendants, in presenting the motion for an instructed verdict, it was urged that there was no evidence tending to show how the accident happened, or that it was caused as a result of the failure to comply with that order. The court agreed with this contention, as appears from the reasons given for granting the motion. These, briefly stated, were that there was no evidence to show that, had the guard and spreader been put upon this machine as ordered, it would have prevented the accident, but, on the contrary, that such accident could have happened if the law had been obeyed; that it did not appear that leaving off the device was the proximate cause of the injury, and it also did not appear that plaintiff's intestate was free from contributory negligence.

The plaintiff's case shows that his intestate was put at work at this ripsaw on the same day or the day before the injury occurred; that he was ripping and sizing the pieces of stock described; that a piece flew back from the saw and struck him; that the saw was not guarded as ordered by proper authority nor guarded in any other manner; that there were no eyewitnesses to the accident which caused his death.

Upon the question of the contributory negligence of the deceased, the court, under these facts, was in error in holding that it was necessary for the plaintiff to show that he was free from negligence. The court evidently overlooked the line of decisions of this and other courts holding that, in the absence of proof tending to show the contrary, where a person is killed by an accident to which there were no eyewitnesses, the presumption of the law is that

he was in the exercise of due care. *Adams* v. *Iron Cliffs Co.*, 78 Mich. 277 (44 N. W. 270, 18 Am. St. Rep. 441), and cases cited.

The record is undisputed that there was a neglect of duty on the part of defendants in not protecting this ripsaw as required by law, and that the order to put a guard and spreader upon it had been ignored. Such neglect of a statutory duty has been held by the Federal courts negligence *per se. Union Pacific R. Co.* v. *McDonald*, 152 U. S. 262 (14 Sup. Ct. 619); *Schlemmer* v. *Railway Co.*, 205 U. S. 1 (27 Sup. Ct. 407).

This court has held that injury from a neglect of such a duty is not one of the risks assumed by an employé. *Sipes* v. *Starch Co.*, 137 Mich. 258 (100 N. W. 447); *Murphy* v. *Veneer Works*, 142 Mich. 677 (106 N. W. 211); *Swick* v. *Cement Co.*, 147 Mich. 457 (111 N. W. 110).

Having found from the record that deceased was not negligent, and that defendants were negligent, in order to hold that the case should have gone to the jury, it must be determined whether there was evidence tending to show that the negligence of defendants was the proximate cause of the injury which caused the death of plaintiff's intestate. The record shows that he was injured while operating this ripsaw, and that two of the defendants admitted that he was injured by a "fly back" thrown from this saw, and at the same time one of them produced the piece of board which was thrown back and also pointed out the machine at which he worked. It appears that his watch, worn in the right-hand trousers watch pocket, was badly broken.

It was admitted on the trial that complaint had been made by the witness who had operated this saw just before deceased took it, and who had "fly backs" thrown by it, to the defendants about it. It also appears without dispute, from the testimony of the deputy factory inspector, that the purpose of ordering the guard and spreader put upon these saws is to prevent accidents; that

the spreader is placed about one inch back of the saw to prevent the stock from pinching and to keep it from flying back, and this device would prevent a fly back when adjusted on a ripsaw; that after the order to protect one of such saws with guard and spreader has been complied with " it is ordinarily equipped safely." It appeared from the cross-examination of this witness that with the guard and spreader a fly back could occur, but that they would not be frequent and the appliance would lessen its force. An examination of the piece of board which flew back showed that " it was ripped a little more than part way, and the rest was broken off." Giving all of this evidence its full weight, as is required where a verdict is directed, we think it cannot be said that there was no evidence to submit to the jury as to what was the proximate cause of this injury. It would have been a legitimate argument to the jury that the condition of the board which struck deceased, taken together with all the other evidence above stated, might fairly be said to show that the proximate cause of the injury was the absence of the spreader and guard, the neglect to provide which was clearly negligence on the part of defendants. We think that the proof in this case, in the words of this court in another case, " justified inferences which bring liability within the realm of probability, rather than leaving it a matter of conjecture merely." *Parker* v. *Union Station Ass'n,* 155 Mich. 76 (118 N. W. 733), and cases cited. The court was in error in directing a verdict. In view of another trial, it is necessary to refer to some other questions.

The court refused to allow plaintiff to show the cause of other fly backs on this ripsaw during the same month in which plaintiff's intestate was injured. Such testimony was without doubt offered in good faith, presumably as bearing upon the absence of guard and spreader causing the injury; and, if so, should have been admitted.

Defendants were sued as copartners, naming them, and as doing business under a certain firm name. By appearance and by entering a plea entitled in the same manner

and with the same firm name they must be held to have admitted the partnership for the purposes of the case here presented.

For the reasons pointed out, the judgment is reversed, and a new trial ordered.

HOOKER, MOORE, BROOKE, and BLAIR, JJ., concurred.