BERSTON *v.* GILBERT.

1. CONTRACTS—ILLEGALITY—SUNDAY—VENDOR AND PURCHASER.
   A contract for the sale of land that was executed on Sunday is void under 2 Comp. Laws, § 5912 (2 How. Stat. [2d Ed.] § 5261), although dated on the preceding Saturday, and cannot be ratified upon a secular day.

2. SAME—PAYMENT—POSSESSION.
   Where a land contract was void because the parties executed it on Sunday, the purchaser could not create a new and distinct agreement by taking possession of the premises and building on them, or by making payments under the contract; because the acts relied upon were done under the provisions of the void instrument.

3. AMENDMENT—CONTRACTS—EQUITY.
   The trial court did not commit an abuse of judicial dis-

cretion by granting permission to the defendant at the hearing to amend his answer so as to set up the alleged illegality, where a showing was made that satisfied the court.

Appeal from Genesee; Wisner, J. Submitted April 21, 1914. (Docket No. 88.) Decided June 1, 1914.

Bill by Neil J. Berston against Julius Gilbert for the forfeiture and cancellation of a land contract. From a decree for defendant, complainant appeals. Affirmed.

*Black & Roberts,* for complainant.

*Clark M. Johnson (William E. Barrett,* of counsel), for defendant.

BROOKE, J. The bill of complaint in this cause is filed for the purpose of canceling a land contract made between complainant and defendant by the terms of which lot No. 14, block No. 5, in Parkland addition No. 2 of the city of Flint, was sold to defendant for the sum of $550, payable $3 cash and $1 per week. Complainant likewise prays for an injunction directed to the defendant, commanding him to refrain from removing or attempting to remove the dwelling house erected upon said lot by said defendant. The record shows that while this contract was dated the 13th day of November, 1909, it was in fact executed upon a Sunday. Various payments were made thereon until defendant had paid in all $54. All of said payments with a single exception were likewise made upon Sundays. Defendant was in arrears 69 weeks at the time complainant served notice upon him in accordance with the terms of the contract to terminate the same. The learned chancellor who heard the case entered a decree dismissing complainant's bill, upon the ground that the contract was illegal, being made upon a Sunday, and that it was not ratified by the fact

that a single payment was made thereon upon a secular day, a receipt therefor having been given at the same time by the complainant.

In this court complainant claims that a new contract was created by the acts of the defendant in going into possession of the lot in question and building a house thereon and in making payments to the complainant from time to time. It is, we think, apparent that whatever was done by the defendant or the complainant was done in reliance upon the contract upon which complainant bases his action, and not upon any new contract. It is not disputed that this contract was in fact made upon Sunday, though dated upon the Saturday preceding. Such a contract is void under section 5912, 2 Comp. Laws (2 How. Stat. [2d Ed.] § 5261), and cannot be ratified upon a secular day. *Benedict* v. *Bachelder*, 24 Mich. 425 (9 Am. Rep. 130); *Pillen* v. *Erickson*, 125 Mich. 68 (83 N. W. 1023); *Acme Electrical Illustrating & Advertising Co.* v. *Van Derbeck*, 127 Mich. 341 (86 N. W. 786, 89 Am. St. Rep. 476).

Complainant assigns error upon the action of the circuit judge in permitting an amendment to the answer during the hearing, setting up the defense that the contract was made upon a Sunday, and therefore void. A showing was made which was apparently satisfactory to the circuit judge, and we are not prepared to say that his action evidences any abuse of discretion. His authority to permit amendments is based upon section 10268, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 12969), and Chancery Rule 16, subd. (*g*). Upon the allowance of the amendment complainant did not apply to the court for further time in which to prepare.

The decree must be affirmed.

McALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.