HOWARD v. McCANN.

SUNDAY—CONTRACTS—AGREEMENT MADE ON SUNDAY VOID.
     A settlement agreement made on Sunday, whereby plaintiff surrendered certain notes and collateral security; and gave his own note in payment of a note which he claims was not a valid obligation, is void.

Appeal from St. Clair; Richter (Theodore J.), J., presiding. Submitted April 3, 1928. (Docket No. 6, Calendar No. 33,137.) Decided October 24, 1928.

<hr>

On validity of contract made on Sunday as affecting right of innocent third person to enforce it, see annotation in L. R. A. 1917 C, 586.

Bill by Herbert Howard against John P. McCann and Duncan F. McDonald for the cancellation of a settlement agreement. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*W. L. Jenks,* for plaintiff.

*Thomas Stockton,* for defendants.

McDONALD, J. The bill of complaint in this case was filed to obtain a cancellation of a settlement agreement which the plaintiff charges was induced by fraud and duress and was illegal for the further reason that it was made on Sunday. Before the controversy arose, the parties had been jointly engaged in business as principal stockholders and officers in the Doty-Salisbury Company of Flint, Michigan, and other corporations. In dividing their interests, the plaintiff was given two notes of $29,000 each signed by the Doty-Salisbury Company and indorsed by the two defendants. Payments were made on these notes and at the time of the settlement in question there remained unpaid three renewal notes of $4,000 each, secured by certain certificates of stock. The plaintiff had previously given his note to the Doty-Salisbury Company for $17,396.66 in a transaction that it is not necessary here to recite. The defendants presented this note to the plaintiff at his office in the city of Port Huron on Sunday, January 15, 1922, and demanded payment. It is the plaintiff's claim that the note was not intended to be a valid obligation, which the defendants well knew, that nevertheless they insisted on its payment and by fraud and coercion induced him in payment thereof to surrender to them their notes amounting to $12,000 and the stock which he held as collateral

security, and to give them his note for $5,000. Subsequently the defendants sold this $5,000 note to the Karpen Furniture Company of Chicago, who sued upon it and obtained a default judgment against the plaintiff in St. Clair county, Michigan. This judgment is unsatisfied at the present writing. On the hearing, the trial court upheld the settlement and dismissed the plaintiff's bill. From the decree entered, the plaintiff has appealed.

We are unable to find any evidence to sustain the claim that the settlement agreement was procured by fraud and duress. But it is undisputed that it was made on Sunday, and for that reason it must be held to be void. *Dabits* v. *Hauser*, 210 Mich. 414; *Berston* v. *Gilbert*, 180 Mich. 638.

There is some claim that the note which was surrendered to the plaintiff on this settlement was without consideration, but a determination of that question is not necessary to a decision of this case.

A decree will be entered in this court setting aside the settlement agreement and providing that the plaintiff shall return to the defendants the note which he received from them, and that they shall return to him the three renewal notes of $4,000 each and the certificates of stock. The $5,000 note which the plaintiff gave as a part of the settlement has apparently passed into the hands of an innocent purchaser. It has been reduced to judgment. At this time the judgment remains unpaid. In the event that the plaintiff pays this judgment, he may in a proper action recover of the defendants the amount paid. The plaintiff will have costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.