STANDARD OIL CO. (INDIANA) *v.* RIDDELL.

1. BILLS AND NOTES—ADMISSION OF SIGNATURE—COURT RULES.
Genuineness of signature on promissory note stands admitted where indorser charged therefor fails to file and serve affidavit of nonexecution as provided by Court Rule No. 29 (1931).

2. SAME—AMENDMENT—DENIAL OF INDORSEMENT.
Motions to amend answer at close of plaintiff's proofs and at conclusion of proofs in order to deny indorsement of promissory note sued upon were properly denied where no reason was advanced for failure to deny such execution under oath in accordance with Court Rule No. 29 (1931).

3. NEW TRIAL—DISCRETION OF COURT—INDORSEMENT OF PROMISSORY NOTE.
Court did not abuse its discretion in denying motion for a new trial based on court's refusal of leave to amend in order to deny indorsement of promissory note sued on where no reason for failure to seasonably file affidavit of nonexecution was advanced and signature was not unequivocally denied (Court Rule No. 29 [1931]).

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted April 5, 1934. (Docket No. 43, Calendar No. 37,171.) Decided June 4, 1934.

Assumpsit by Standard Oil Company (Indiana), a foreign corporation, against Charles A. Riddell and George W. Colby on a promissory note. Plaintiff had judgment by default against defendant Riddell. From verdict and judgment for plaintiff against defendant Colby, he appeals. Affirmed.

*Linsey, Shivel & Phelps,* for plaintiff.

*William J. Kearney* and *Horace M. Mechem,* for defendant Colby.

FEAD, J. Plaintiff sued Riddell as maker and Colby as indorser of a promissory note and attached a copy of the note to its declaration. It had judgment against Riddell on default and against Colby on trial. Colby reviews.

In his answer Colby denied execution of the note and further claimed that if his signature is genuine it was procured by fraud and deceit. He failed to file and serve an affidavit denying execution of the note as required by Court Rule No. 29 (1931), thereby admitting the genuineness of the signature. *Lambert* v. *Smilansky,* 246 Mich. 125.

On its main case plaintiff showed the circumstances under which Colby had indorsed the note. At the conclusion of plaintiff's proofs, defendant moved for leave to amend his answer by filing an affidavit of nonexecution. The court expressed itself as inclined to grant the motion. Counsel for plaintiff called attention to the fact that defendant had made no showing of cause for leave to amend, as required by the rule. Defendant made no reply to the objection and the court denied the motion. Defendant then presented his testimony and, at the conclusion of the proofs, he renewed his motion to amend the answer but made and offered no showing of cause for the omission or character of denial of execution, and the motion was denied. The case was submitted to the jury on the issue whether Colby had signed under circumstances which led him to believe that he was executing another kind of instrument. The jury held against him.

On motion for new trial Colby made affidavit that he believed his name was not placed on the note by

himself; that if it is his genuine signature, he did not know how it came there; that he did not sign it knowing the purport of the instrument or intending to be bound on it; that his signature was not placed on the note through his own fault or negligence; but, if genuine, it was procured by fraud, trickery or deceit and under conditions unknown to him. He offered no reason for failure to seasonably file the required affidavit.

Did the court abuse its discretion in denying the amendment? Obviously not.

When, after his attention had been called to the lack of showing of cause for leave to amend, defendant failed to give a reason for the omission, the court naturally would assume that it had been intentional. At least, we cannot say that the court should have assumed that there was a good undisclosed reason.

The motion for new trial did not set out a reason for the failure to file the affidavit nor does it show such injustice to defendant in the ruling as requires a new trial. He does not unequivocally deny his signature. A new trial would be substantially a retrial on facts already held against him and there is no indication that the result would be different.

We are unable to find that the court abused its discretion and judgment is affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. NORTH, J., did not sit.