RANDALL v. DOUGLASS.

1. PLEADING—AMENDMENT—STATUTES.

Trial courts have been vested by statute with power to allow amendments to pleadings for the furtherance of justice (3 Comp. Laws 1929, § 14144).

2. SAME—AMENDMENT—DISCRETION OF COURT.

Whether or not an amendment to a pleading may be allowed rests in large measure in the discretion of the trial judge (3 Comp. Laws 1929, § 14144).

3. APPEAL AND ERROR—AMENDMENT OF PLEADING—DISCRETION OF COURT.

The trial judge's ruling as to an amendment of a pleading should not be disturbed except upon a showing of an abuse of discretion (3 Comp. Laws 1929, § 14144).

4. PLEADING—AMENDMENT—AFFIRMANCE AND DISAFFIRMANCE OF CONTRACT.

In suit for specific performance of defendant's agreement to buy land from plaintiff, where defendant first moved to dismiss bill on ground that he had option of completing purchase or forfeiting deposit and such motion was denied, denial of his subsequent motion, filed two months thereafter, to amend answer so as to allege procurement of contract by fraud and misrepresentation was not an abuse of discretion (3 Comp. Laws 1929, § 14144).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am. Jur., Pleading, § 291.
[2–4] 41 Am. Jur., Pleading, § 293.
[4] 41 Am. Jur., Pleading, § 296.
[5] 12 Am. Jur., Contracts, § 252.
[7, 8] 55 Am. Jur., Vendor and Purchaser, § 513.
[7, 8] Provision in land contract for pecuniary forfeiture or penalty upon default of the purchaser as affecting the vendor's right to maintain an action for the purchase price. 32 A.L.R. 617.

5. CONTRACTS—AMBIGUITY—CONSTRUCTION.

If a contract is ambiguous it must be construed strictly against party whose agent drew it.

6. VENDOR AND PURCHASER—CONSTRUCTION OF LAND CONTRACT—FORFEITURE OF DEPOSIT.

Contract relative to sale of land and providing for forfeiture of deposit as liquidated damages in case purchaser failed to complete purchase of property within time limited therein *held*, not ambiguous.

7. SPECIFIC PERFORMANCE—LIQUIDATED DAMAGES—INTENT.

A stipulation in regard to liquidated damages does not preclude a suit for specific performance unless it appears from the whole contract that it was the intention of the parties that the right to pay the stipulated sum or perform the contract should be optional.

8. SAME—PAYMENT OF LIQUIDATED DAMAGES—RELEASE.

In the absence of provision in preliminary agreement that by payment of stipulated damages through the forfeiture of deposit the purchaser would be released from the contract, specific performance on his part would be decreed.

Appeal from Oakland; Hartrick (George B.), J. Submitted April 9, 1948. (Docket No. 63, Calendar No. 44,063.) Decided June 14, 1948.

Bill by Mary W. Randall against Kirke Douglass for specific performance of contract to sell real estate. Decree for plaintiff. Defendant appeals. Affirmed.

*H. Eugene Field* (*Fletcher L. Renton,* of counsel), for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendant.

BUTZEL, J. Plaintiff listed a certain parcel of real estate for sale with a Detroit broker who offered it to defendant. The latter signed an offer to purchase the property for $19,000 and made a deposit of $1,000. On the following day plaintiff exe-

cuted a written acceptance of the offer. There is no dispute as to the terms of the agreement, paragraph 10 of which reads as follows:

"In consideration of the broker's effort to obtain the seller's approval, it is understood that this offer is irrevocable for 7 days from the date hereof, and if not accepted by the owner within that time, the deposit shall be returned forthwith to the purchaser. If the offer is accepted by the seller, the purchaser agrees to complete the purchase of said property within the time indicated in paragraph 7, or forfeit to the seller the deposit made herein as liquidated damages."

In plaintiff's acceptance, it is stated:

"If the deposit money is forfeited for nonperformance by purchaser, the seller agrees that one half of such deposit shall be paid to the broker (not exceeding the amount of commission) for services rendered."

Defendant refused to complete the sale, whereupon plaintiff filed a bill for specific performance. Defendant, in his answer, moved for dismissal of the bill of complaint, contending that under the terms of the agreement he had an option either to complete the purchase or else to forfeit his $1,000 deposit as liquidated damages. The trial judge denied the motion to dismiss in accordance with a written opinion which he filed. Almost two months later, defendant filed a motion to amend his answer to include allegations that the contract was procured by fraud and misrepresentation. The proposed amendment was as follows:

"Further answering said bill of complaint, defendant says that when he inspected said land prior to making an offer to purchase it, plaintiff informed him that approximately three acres of the area enclosed by the fence being a strip of land 10 rods in

width, had been conveyed to a public utility company; that he inquired of plaintiff the location of the strip so conveyed; that plaintiff represented to defendant that the strip so conveyed was off the east boundary of the land; and that in fact the strip so conveyed ran through the area fenced and commonly known as 1007 Rose Center road, and divided it into two parcels, detracting materially from the usefulness and value of the land."

The court ruled that the motion to amend came too late; that defendant could not first affirm the contract and seek to avoid liability thereon by forfeiting his deposit money, and then, after an adverse decision, disaffirm the contract on the ground of fraud and misrepresentation.

Defendant thereupon indicated that he had no other defenses, and a decree was entered by the trial judge granting plaintiff specific performance of the agreement.

Under the statute, trial courts have the power to allow amendments to pleadings for the furtherance of justice. 3 Comp. Laws 1929, § 14144 (Stat. Ann. § 28.838). Whether or not an amendment may be allowed rests in large measure in the discretion of the trial judge. His ruling should not be disturbed except upon a showing of an abuse of discretion. *Konstantine* v. *City of Dearborn,* 280 Mich. 310. We believe there was no such abuse of discretion herein.

The principal question presented is, does the contract give the defendant an option either to forfeit the $1,000 deposit and be released from liability thereon, or to complete the purchase? We are not unmindful of the fact that plaintiff's agent drew the contract and that it must be construed strictly against her if there is ambiguity in it. However, we find that the contract is not ambiguous. Therefore, the real question is, what was the intention of the parties as expressed by the contract? In *Milner*

*Hotels, Inc.,* v. *Ehrman,* 307 Mich. 347, 356, we said:

"A stipulation in regard to liquidated damages does not preclude a suit for specific performance unless it appears from the whole contract that it was the intention of the parties that the right to pay the stipulated sum or perform the contract should be optional. *Hedrick* v. *Firke,* 169 Mich. 549. 2 Restatement, Contracts, p. 700, § 378. Also, see authorities assembled in 32 A.L.R. 584, 98 A.L.R. 887."

To the foregoing may be added the observations in *Decker* v. *Pierce,* 191 Mich. 64, 70:

"The rule established at an early day in Michigan was the following: Where, by the terms of a contract, a sum is mentioned as 'liquidated damages' for a nonperformance of several distinct stipulations of very different degrees of importance, and this sum is to be payable equally on a failure to perform the least, as of that to perform the most, important or whole of them together, it is in legal effect a penalty, and not stipulated damages; and the fixing of such a penalty by the contract is no objection to specific performance. *Daily* v. *Litchfield,* 10 Mich. 29."

See, also, *Franko* v. *Olszewski,* 316 Mich. 485. It appears upon examination of numerous cases from other jurisdictions that the general rule is properly set forth in *Milner Hotels, Inc.,* v. *Ehrman, supra, i. e.,* that specific performance will be decreed notwithstanding a clause in regard to stipulated damages unless it clearly appears from the contract that it was the intention of the parties that by payment of stipulated damages the party sought to be held would be released. We find nothing in the contract in this case to that effect.

The decree is affirmed, with costs to plaintiff.

Sharpe, Boyles, Reid, North, Dethmers, and Carr, JJ., concurred.

Bushnell, C. J., did not sit.