COOKE *v.* BROWN.

1. AUTOMOBILES—INSTRUCTION—INTERSECTIONS—YIELDING RIGHT-OF-WAY.

Trial judge committed reversible error in instructing jury in actions arising out of collision at twilight between 14-year-old plaintiff's eastbound motor scooter and right rear part of defendant's westbound left-turning car at intersection of village streets by putting the question of defendant's negligence solely on the basis of nonobservance of common-law duty of an ordinarily prudent person and ignoring pertinent statutes requiring defendant making a left turn to yield right-of-way to oncoming vehicles that were in or near to the intersection (CLS 1956, §§ 257.648, 257.650).

2. SAME—MOTOR SCOOTER—INTERSECTIONS—DIRECTED VERDICT—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.

Plaintiff, 14-year-old operator of motor scooter who was injured in collision with defendant's left-turning car at intersection during final twilight of a summer evening, *held,* not entitled to directed verdict on issue of causal negligence, where there was conflict of testimony on both issues of negligence and contributory negligence involving violations of statutes on the part of both minor plaintiff and defendant minor motorist (CLS 1956, §§ 257.648, 257.650, 257.702).

Appeal from Wayne; Piggins (Edward S.), J. Submitted October 4, 1961. (Docket Nos. 12, 13, Calendar Nos. 48,828, 48,829.) Decided December 1, 1961. Rehearing denied March 15, 1962.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic §§ 296, 386–395.
Right-of-way at street or highway intersection. 21 ALR 974, 37 ALR 493, 47 ALR 595.
[2] 53 Am Jur, Trial § 365.

Case by William K. Cooke, next friend of Edward A. Cooke, a minor, against Walter G. Brown, individually and as guardian *ad litem* of William L. Brown, a minor, for personal injuries sustained in collision of motor scooter and automobile on September 11, 1957. Similar action by William K. Cooke for expense. Cases consolidated for trial and appeal. Verdict and judgment for defendants. Plaintiffs appeal. Reversed and remanded for new trial.

*Maile, Leach & Silver* (*Judson L. Levin,* of counsel), for plaintiffs.

*Garan, Lucow & Miller* (*Albert A. Miller,* of counsel), for defendants.

BLACK, J. Two consolidated negligence cases are before us. They arose directly and derivatively from an intersectional collision of plaintiff Edward Cooke's motor scooter with defendants' automobile. Defendants had verdict and judgment. Plaintiffs appeal.

During final twilight of a summer evening plaintiff Edward Cooke, then aged 14, rode his motor scooter east on 6-lane Erie street, in Flat Rock, toward right angle intersecting Seneca street. His course was straight and fairly close to the south curb of Erie, and the approach-rate of speed of his scooter is accepted by the parties as being between 20 and 25 miles per hour.

At the same time defendant William L. Brown, then aged 17, was driving his father's automobile in a westerly direction on Erie. He turned left, in the intersection, with intention of driving south on Seneca. His approach-rate and turning-rate of speed—similarly accepted—was reasonably slow.

When defendants' automobile had nearly completed the turn and was about to go beyond the extended

south curb line of Erie, the motor scooter collided with the right side thereof. The point of impact, against the automobile, was between the single right door and the right rear wheel. Edward was seriously injured. These suits resulted.

Claimed as directly applicable to the reviewable issues are 3 statutes. Defendants refer to CLS 1956, § 257.702 (Stat Ann 1960 Rev § 9.2402), requiring of a scooter rider proceeding in like circumstances that his machine be equipped with a lighted headlamp "of sufficient intensity to reveal a person or a vehicle at a distance of not less than 100 feet," and say the proof presented a question of fact whether the headlamp of the scooter was lighted at the time or maintained (if lighted) in such manner as to render it reasonably discernible to the oncoming defendant driver. Plaintiffs refer to CLS 1956, § 257.650 (Stat Ann 1960 Rev § 9.2350), and CLS 1956, § 257.648, as amended by PA 1954, No 181 (Stat Ann 1955 Cum Supp § 9.2348), requiring of a motorist intending to make an intersectional left turn that he "yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard," and correspondingly requiring of such motorist that he "first see that such movement can be made in safety."

On strength of the adduced proof and the last 2 mentioned statutes plaintiffs present the primary thrust of their appeal; that the trial judge on timely motion made by them should have instructed the jury that the defendant motorist was guilty of causal negligence as a matter of law. Such request for peremptory instruction was denied. Plaintiffs, assigning error in such regard, cite subsequently decided *Nabozny* v. *Hamil,* 361 Mich 544.

Secondarily, plaintiffs insist that certain jury instructions constitute reversible error. These specifications of error will be treated in order as stated.

*First:* In my view Judge Piggins was right when he refused to instruct that plaintiffs had so thoroughly supported their basic burden—that of proving the declared charge of causally connected negligence—as to leave no doubt of the defendant motorist's guilt. The motorist may or may not have violated the traffic safety statutes on which plaintiffs rely. Whether he did depended largely on disputed proof, notably that which was offered to prove or disprove the fact of a lighted, or properly lighted and focused, headlamp on the motor scooter. The testimony of the defendant driver was not of valueless negative character (see the carefully considered analysis of this question, written by Mr. Justice FELLOWS for the unanimous Court in *Lambert* v. *Minneapolis, St. P. & S. S. M. R. Co.,* 209 Mich 107, and followed as settled guide in *Miller* v. *Manistique & L. S. R. Co.,* 234 Mich 184, and *Dalton* v. *Grand Trunk W. R. Co.,* 350 Mich 479, 486). He said that, immediately prior to commencement of his turn toward Seneca, he looked ahead for the approach of an oncoming vehicle or vehicles; that he saw none—vehicles or lights thereof—and that "If he had his headlights on I would have seen them." There was other testimony, less direct it is true, tending to show that the headlight of the scooter was not "on"; also that it was "cocked" downward, prior to the event in question, the better to give brighter light on the near pavement ahead. This latter testimony was given by the plaintiff rider himself. Such testimony, with other proof tending to show compliance or want of compliance with section 257.702 aforesaid, was for jury consideration under proper instruction. That being the indicated conclusion upon due and defendant-favored view of the testimonial record, plaintiffs had no right to demand that the issue of

statutory violation—on the part of the defendant motorist—be settled by the trial judge to exclusion of the jury.

The practice of peremptory instruction, that the bearer of the burden of proving causally connected and trial-contested negligence has maintained such burden as a matter of law, is generally unknown excepting in Michigan. And even in our State no considered authority for the practice existed until *Nabozny* came to discordant decision in 1960. No more need be said excepting this:

Between submission and decision of *Nabozny*, volume 72 of the second series of American Law Reports arrived in the law libraries of Michigan. Unfortunately (for the defendants Hamil at least), the first annotation appearing in that volume did not come to judicial attention until the lapse of a few days next following the date of such decision. The annotated case (*Stephenson* v. *Wallis*, 181 Kan 254 [311 P2d 355, 72 ALR2d 1]) and others appearing in the annotation* establish rather clearly that the weight if not outright unanimity of extant authority is that the slipping of a motorist's foot from the brake pedal, resulting in injury to a plaintiff in negligence, presents a jury question of causal negligence on the part of such motorist. Which is to say that *Nabozny,* taking any view thereof, is doubtful authority for the peremptory instruction plaintiffs Cooke sought in the trial court.

*Second:* On request of defendants the jury was charged as follows:

"In order to determine whether or not there was negligence on the part of the defendant, it will be necessary for you to decide if he was in the exercise of

---

* *Oppenheimer* v. *Werner* (Fla), 46 So2d 870; *Strauch* v. *Bieloh,* 16 Cal App2d 278 (60 P2d 582); *Kennedy* v. *New England Bakery,* 80 RI 224 (95 A2d 454); *Jansen* v. *Herbert,* 249 Wis 124 (23 NW2d 503).

ordinary care. Ordinary care was the only obligation imposed upon the defendant driver at the time of this accident, and it means, as I told you previously, the degree of care exercised by the ordinarily prudent person under similar circumstances. Therefore, if you find the defendant driver under the circumstances which confronted him conducted himself in a manner which a person of ordinary prudence would do, you cannot find him guilty of negligence and the defendant would not be liable, regardless of the damage sustained by the plaintiff."

This was error, the error of unnecessary instruction, the error of argumentative and misleading instruction. Depending on jury ascertainment of testimonially disputed facts and inferences the defendant driver owed plaintiffs the duty of due compliance with previously considered "rules of the road" in addition to such common-law duty as the factually presented circumstances might require. To summarize this otherwise proper and carefully submitted charge with a statement confining the defendant motorist's "obligation" to one of ordinary care must have led the jury to believe that previously considered sections 257.650 and 257.648 had no real bearing and that the defendant motorist's conduct should be judged simply and exclusively by the fundamental standard of the common law—ordinary care.

For such error of instruction I would reverse and remand for new trial, awarding costs to plaintiffs.

KELLY and KAVANAGH, JJ., concurred with BLACK, J.

SOURIS, J. (*concurring*). Mr. Justice BLACK has written for reversal on the ground that the trial judge committed error prejudicial to plaintiffs in his charge to the jury. I agree. I agree also that plaintiffs were not, on this record, entitled to directed verdicts on the issue of causal negligence. Nothing con-

tained in either opinion in *Nabozny* v. *Hamil*, 361 Mich 544, justifies plaintiffs' reliance thereon in support of their motion for directed verdicts.

Dethmers, C. J., and Carr and Edwards, JJ., concurred with Souris, J.

Otis M. Smith, J., took no part in the decision of this case.