## HARDAWAY v. CONSOLIDATED PAPER COMPANY.

1. Pleading—Amendment—Discretion of Court.

The granting or refusal of permission to amend pleadings is within the discretion of the trial court and, in the absence of abuse of this discretion, the ruling of the trial court will not be disturbed.

2. Same—Amendment.

Amendments of pleadings are liberally permitted when justified.

3. Same—Amendment—Pretrial Rule.

The pretrial rule, permitting amendments at pretrial, has not abolished the necessity for good pleading, but is only to permit amendments, where there is a justifiable reason for failure to properly plead in the first instance (Court Rule No 35, § 4 [1945]).

---

References for Points in Headnotes

[1] 41 Am Jur, Pleading § 293.
[2] 41 Am Jur, Pleading § 292.
[3] 41 Am Jur, Pleading § 296.
[4, 5] 41 Am Jur, Pleading § 304.
[6] 38 Am Jur, Negligence § 158 *et seq.*
[7, 8] 35 Am Jur, Master and Servant § 191 *et seq.*
[9] 53 Am Jur, Trial § 921 *et seq.*

4. Same—Amendment—Justification.

Record presented in action by employee of an independent contractor against corporation for injuries sustained when plaintiff put his hand into an unguarded wall fan *held*, not to disclose any justification for defendant's failure to amend answer to interpose affirmative defense of contributory negligence when it had the opportunity to do so (Court Rule No 23, § 3a [1945]).

5. Same—Amendment—Contributory Negligence—Discretion of Court.

Trial court's denial of defendant's motion to amend answer at pretrial hearing held over 3 years after plaintiff sustained injuries, allegedly due to defendant's failure to place a guard upon its wall fan, so as to interpose affirmative defense of contributory negligence *held*, not an abuse of discretion under the circumstances (Court Rule No 23, § 3a [1945]).

6. Negligence—Violation of Statute—Evidence.

Violation of a statute is evidence of negligence *per se*.

7. Same—Safety Devices on Machinery—Ventilation Fan—Persons Protected by Statute.

The protection of statute requiring the owner of a factory, storehouse, or warehouse to equip all machinery in use with proper safety devices and guards is not limited to employees of the owner but extends to all who are legally upon the premises, including employees of an independent contractor performing work on the premises and extends to unguarded ventilation fan (CL 1948, § 408.65).

8. Same—Evidence—Unguarded Ventilating Fan—Violation of Statute.

Trial court *held*, correct in finding plaintiff had proved defendant owner of factory guilty of negligence proximately causing plaintiff's injury by reason of operation of ventilating fan that was unguarded, in violation of statute, and limiting the jury to the question of damages (CL 1948, § 408.65).

9. Trial—Exhibits in Jury Room—Prejudice.

No reversible error was committed in action by employee of independent contractor against defendant, factory owner, for injuries sustained from contact with a ventilating wall fan, unguarded in violation of statute, by reason of fact X-ray plates and hospital records were taken to the jury room, where neither contained any prejudicial matter and no objection

appears to have been made to their being taken into the jury room (CL 1948, § 408.65).

BLACK, J., dissenting.

Appeal from Monroe; Weipert, Jr. (William J.), J. Submitted October 6, 1961. (Docket No. 39, Calendar No. 48,904.) Decided March 19, 1962.

Case by William Hardaway against Consolidated Paper Company, a Michigan corporation, for personal injuries sustained when his hand contacted unprotected ventilator fan. Auto Owners Insurance Company, a Michigan corporation, intervened to recover sums awarded on claim for workmen's compensation. Stipulation of counsel made on record that one verdict enter with later apportionment by court. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Kelman, Loria, Downing & Craig (George L. Downing, of counsel), for plaintiff.*

*Ward, Plunkett & Cooney (Robert E. Rutt, of counsel), for defendant.*

KAVANAGH, J. This action was brought to recover damages for injuries allegedly suffered by the plaintiff William Hardaway on January 18, 1957, when he put his right hand into an unguarded wall fan in the basement of defendant's plant in Monroe, Michigan.

Plaintiff's declaration was filed and served April 8, 1959. He alleged defendant was guilty of negligence by violating its duty to maintain the premises in a reasonably safe and proper condition for persons legally thereon. He further alleged defendant's failure to comply with the statute requiring proper safeguards to be installed before placing machinery

or equipment in operation.[1]   Defendant filed an answer on June 24, 1959.  On July 11, 1959, intervening plaintiff filed its declaration and defendant's answer thereto was filed July 23, 1959.

. Defendant did not plead the affirmative defense of contributory negligence, nor did defendant raise any question of negligence or contributory negligence on plaintiff's part in either answer.

Since depositions were completed in September, 1959, defendant had all the factual information necessary to make a motion to amend.

No attempt was made to raise the defense of contributory negligence despite Court Rule No 23, § 3a (1945),[2] which had been in effect since June 1, 1958, reading in part as follows:

"In all negligence cases tried after the effective date hereof, the contributory negligence of the plaintiff shall be deemed to be a matter of affirmative defense to be pleaded and proved by defendant."

Pretrial was held on January 27, 1960, and defendant orally moved to amend its answer so as to

---

[1] The statute (CL 1948, § 408.65 [Stat Ann § 17.25]) reads in part as follows:

"It shall be the duty of the owner of any factory, storehouse or warehouse, or his agent, superintendent or other person in charge of the same, to furnish or supply, or cause to be furnished or supplied, and equip all machinery in use with proper shifters or other mechanical contrivances for the purpose of throwing belts on or off pulleys.  It shall be unlawful for any person, firm, copartnership or corporation, to operate or cause to be operated, any of the machinery or equipment mentioned in this section, without it being first properly equipped with proper safety devices and guards.  All gearing and belting shall be provided with proper safeguards, and when necessary, machinery shall be provided with loose pulleys.  All vats, saws, pans, planers, cogs, set screws, gearing and machinery of every description shall be properly guarded.  The commission after hearing duly had shall have power to condemn such machinery and equipment if the same is unsafe, and stop the operation of such machinery and equipment until same be put in safe condition.  It shall be unlawful for any person, firm or corporation, or agent thereof, to install or place in operation any of the machinery or equipment mentioned in this section unless the same be equipped with proper safeguards, or unless the same be approved by the commission or factory inspector."

[2] See 352 Mich xiv.—REPORTER.

plead the affirmative defense of contributory negligence. The time of the pretrial was 3 years and 9 days after the date of the injury.

' The trial court denied the motion to amend on March 2, 1960, by written opinion, giving 2 reasons for the denial: (1) Since plaintiff was barred by the statute of limitations from asserting a cause of action based on negligence of plaintiff which occurred on January 18, 1957, defendant should be barred from asserting the same matters in an affirmative defense of this action after the 3 years had run. (2) That allowance of such an amendment is within the discretion of the court.

The court held defendant had not made a sufficient showing on which to invoke a judicial discretion. He further found defendant did not assert it was not aware of facts to plead such defense even in its original answer. Nor does defendant assert it was unaware of sufficient facts prior to the running of the statute to enable it to plead such defense.

On the trial of the case it developed that plaintiff Hardaway, a general laborer, was engaged in pouring a new concrete floor over an old floor in the basement of defendant's plant. A fan was located on the north wall near the stairway. It was set in an opening in the wall. The blades on the fan were from 24 to 32 inches in diameter. There was no guard over the fan or over the opening in which it was set. Testimony disclosed it was located at or near shoulder height so far as plaintiff Hardaway was concerned. Hardaway was about to leave the basement when one of defendant's employees called, "Hey, Willie." Plaintiff turned to the left and pointed with his right hand and his fingers were severely injured by the blades of the fan.

Plaintiff introduced hospital records and X-ray plates which were admitted subject to the usual evidentiary restrictions as to hearsay matters. Some-

how, the jury had these hospital records and X-ray plates in the jury room during their deliberations. Immediately after the jury returned with their verdict, defendant moved for a mistrial on this ground, which was denied by the court.

At the conclusion of testimony the court, having ruled out the question of contributory negligence, held the defendant was guilty of negligence as a matter of law by reason of its violation of the statute in that it had failed to properly guard the fan. The court, therefore, directed a verdict in favor of plaintiff and submitted solely the question of damages to the jury.

The jury returned a verdict for $10,000.

Defendant moved for a new trial. The court denied the motion and defendant appealed.

Defendant contends the court erred in not allowing defendant to plead, to prove, and to argue contributory negligence and also in holding defendant was guilty of negligence as a matter of law. It further argues the court erred in permitting the hospital records and X-ray plates to go into the jury room. Defendant also asserts the court erred in certain portions of the jury charge.

The granting or refusal of permission to amend pleadings is within the discretion of the trial court and, in the absence of abuse of this discretion, the ruling of the trial court will not be disturbed. *Jackson City Bank & Trust Co.* v. *Blair,* 333 Mich 399 (32 ALR2d 920); *Cook* v. *Wolverine Stockyards Co.,* 344 Mich 207; *Graham* v. *Thorman,* 354 Mich 629; *Ensley* v. *Associated Terminals, Inc.,* 304 Mich 522; *Standard Oil Co.* v. *Riddell,* 267 Mich 375; *Berston* v. *Gilbert,* 180 Mich 638; *Randall* v. *Douglass,* 321 Mich 492; *Grant* v. *National Manufacturer & Plating Co.,* 258 Mich 453; *Simonelli* v. *Cassidy,* 336 Mich 635.

Defendant introduced no evidence to justify its failure to amend its answer in compliance with Court Rule No 23, § 3a (1945).

It is true that under a reasonable construction of our rules and statutes, amendments are liberally permitted when justified. However, we have not, by promulgating the pretrial rule permitting amendments at pretrial,[3] abolished the necessity for good pleading. Parties are still required to file a proper declaration and answer. The pretrial rule is not for the purpose of approving slovenly pleadings— it is only to permit amendments where there is a justifiable reason for failure to properly plead in the first instance.

An examination of the record in this case discloses that competent attorneys, from July, 1959, handling this case and taking depositions, failed to amend their answer when they had the opportunity to do so. The record does not disclose any justification for this failure.

Under all the circumstances in this case we cannot say the trial court abused his discretion in refusing to permit an amendment at pretrial, particularly in the absence of a justifiable reason by defendant for not earlier asserting the affirmative defense.

Since it is not necessary to disposal of this case, we are not passing upon the effect of the statute of limitations as to an affirmative defense after the 3 years have run.

The second question deals with whether the court erred in holding the defendant was negligent as a matter of law. It is elementary law in this State that violation of a statute is evidence of negligence *per se*. The sole question in this case is whether or not the statute relied upon applied to the defendant. It is the position of defendant that this par-

---

[3] See Court Rule No 35, § 4 (1945), 352 Mich xv.—REPORTER.

ticular statute applies to machinery and equipment and to the external parts of such machinery and that it cannot be extended to the ventilation fan involved in this litigation. Defendant further argues that plaintiff was not an employee of defendant but was the employee of an independent contractor who was called upon to repair the floor in defendant's base-ment. It is the position of defendant that the afore-mentioned statute was for the protection of em-ployees of the owner of a factory or similar business and was not enacted to embrace the employees of independent contractors.

A reading of the statute does not cause us to reach the conclusion it is so limited;·its protection ex-tends to all who are legally upon the premises and imposes a duty upon the owner of any factory, store-house, or warehouse, or its agent, superintendent, or other person in charge. The statute requiring that all machinery be properly guarded was unquestion-ably designed for the protection of anyone lawfully entering or working around or about such machinery in a place covered by the statute.

"Violation of an ordinance intended to promote safety is negligence. If by creating the hazard which the ordinance was intended to avoid it brings about the harm which the ordinance was intended to pre-vent, it is a legal cause of the harm. This comes only to saying that in such circumstances the law has no reason to ignore and does not ignore the causal relation which obviously exists in fact." *Ross* v. *Hartman,* 78 App DC 217, 218 (139 F2d 14, 158 ALR 1370).

Also, see *Van Doorn* v. *Heap,* 160 Mich 199, where this Court held (p 202):

"The record is undisputed that there was a neglect of duty on the part of defendants in not protecting this ripsaw as required by law, and that the order

to put a guard and spreader upon it had been ignored. Such neglect of a statutory duty has been held by the Federal courts negligence *per se.*"

The Court then proceeded to hold the violation of that statute was negligence *per se.*

In *Holbert* v. *Staniak,* 359 Mich 283, 288, 289, this Court held that failure of a trial court to instruct that a defendant who violates a statute was guilty of negligence as a matter of law is error.

We believe under the circumstances in this case the court correctly found plaintiff had as a matter of law proven defendant guilty of negligence that was a proximate cause of the accident and that it did not err in limiting the jury to the question of damages.

As to the X-ray plates and hospital records, while it is true defendant recorded an objection to the record librarian reading certain hearsay portion from the hospital records, and the court sustained such objection, the exhibits were eventually admitted in evidence. The record does not disclose how it happened these exhibits were taken into the jury room. Defendant's counsel apparently was not aware of this fact until after the jury returned, as no objection was made to their being taken into the jury room.

Defendant relies on the case of *Kalamazoo Novelty Manfg. Co.* v. *McAlister,* 36 Mich 327. There, on submitting the case to the jury, the judge allowed the jury—against the objections of counsel—to take with them to the jury room the book in question and directed them to look only on page 44. This Court said on appeal (p 330):

"That it is sometimes proper to allow documents in evidence to be taken to their room by the jury, is beyond question; but the practice is one which is exposed to much risk, and it ought not to be allowed

except in cases where the propriety of it is very obvious. And in general it should not be indulged when either party objects. Still cases are liable to arise in which justice would require it, and where refusal to consent would be unreasonable, and on such occasions the dissent ought not to prevail. It is hardly safe to attempt a definition of the proper rule by the mention of the exact documents or kinds of documents which should be suffered to go to the jury room. In the present case the entire book was suffered to be taken, when but 3 pages were in evidence. The effect was to allow to be taken, and against objection, considerable matter which was not in evidence, and the only security consisted in the direction to the jury to confine their attention to 1 page."

In the instant case the record does not disclose—and defendant does not contend—that the X-ray plates or hospital records contained any prejudicial matter. Exhibit 3, the X-ray plates, was not filed with this Court. We have examined exhibits 1 and 2—the hospital records and the doctor's statement—and find nothing in them which would prejudice defendant by reason of the jury having these records during their deliberations on damages.

We hold, under the circumstances of this particular case, that no reversible error was committed by the taking of the exhibits to the jury room.

In view of the above disposition of this case, the other questions raised by defendant do not need answering.

The verdict and judgment are affirmed. Appellees shall have costs.

Dethmers, C. J., and Carr, Kelly, and Souris, JJ., concurred with Kavanagh, J.

Black, J. (*dissenting*). I do not approve the practice of directing verdicts for plaintiffs in negligence

cases. For reasons see separate opinions of *Nabozny* v. *Hamil,* 361 Mich 544, and *Cooke* v. *Brown,* 365 Mich 172. Even when proof justifies ruling, as a matter of law, that the party charged stands guilty of negligence *per se,* there invariably remains the typical jury question whether such adjudged negligence contributed in fact to the result complained of. Such is the general rule. *Spencer* v. *Phillips & Taylor,* 219 Mich 353; *Beebe* v. *Hannett,* 224 Mich 88; *Arvo* v. *Delta Hardware Co.,* 231 Mich 488; *Comstock* v. *General Motors Corp.,* 358 Mich 163; Cooley on Torts (2d ed), p 81; Prosser on Torts (2d ed), § 50, "Functions of Court and Jury," p 282. The facts shown here, appearing as they do with fair detail in Mr. Justice KAVANAGH's opinion, do not suggest that we should depart from it. Hence, for erroneous direction of a verdict in favor of this plaintiff, I would reverse.

There is another reason which, in my view, requires reversal. Amendments of pleadings should always be allowed on motion save only where surprise thereof, say on eve of trial or during trial, puts the opposite party in position where he is compelled to choose between (1) a motion for continuance—with attendant loss and expense of subsequent preparation anew—or (2) proceeding to trial of a new issue with respect to which he is not preparedly ready. In such instance of surprise a motion to amend should, of course, be denied.

Here the defendant sought at pretrial, well before trial, the right to amend by pleading under Court Rule No 23, § 3a (1945),\* that the plaintiff was guilty of contributory negligence. The time element considered, I hold that it was an abuse of discretion to deny defendant's motion to amend. One of the express purposes of old as well as new section 4 of

---

\* Adopted April 14, 1958, effective June 1, 1958. See 352 Mich xiv.
—REPORTER.

Court Rule No 35 was to provide—at pretrial—a time and a deadline for necessary amendments in order that the controlling pretrial statement or summary actually "control the subsequent course of the action" and provide a beginning time for the exercise of discretion anent motions for leave to amend pleadings.  See section 4 of 1945 Court Rule No 35 (Honigman, Michigan Court Rules Annotated, p 353) and present section 4 of Court Rule No 35* (Honigman, 1959 Supp, pp 70–77).

I vote to reverse and remand for new trial and with award of costs to defendant.

OTIS M. SMITH and ADAMS, JJ., took no part in the decision of this case.

---

* 352 Mich xv.—REPORTER.