CHARLES DOUGLAS *vs.* ANSELM J. SILVIA.

JULY 25, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

PER CURIAM. This is an action of trespass on the case for negligence to recover damages arising from a rear-end

collision between two automobiles on October 2, 1926, near the intersection of Broad and Franklin streets in the city of Providence.

The case was tried before a justice of the superior court sitting with a jury, and a verdict was returned in favor of the defendant, which was subsequently approved by the trial justice. The plaintiff is before us on his exception to the denial of his motion for a new trial on the grounds that the verdict is against the law, the evidence and the weight thereof.

The plaintiff's claim is that as he was driving southerly along Broad street, following a line of cars proceeding in the same direction, he was obliged to stop on account of traffic conditions ahead, and that the defendant, who was in his rear, came right along and struck him. The defendant's testimony is to the effect that as he was driving slowly, some nine to twelve feet behind the plaintiff's automobile, the plaintiff made a sudden stop and that he just bumped the rear of the car in front. The plaintiff stated that his car was damaged and that he suffered some personal injury, while the defendant said that the plaintiff did not sustain any injury whatever, and that the only damage to the automobile was a broken rod on the tire carrier which could be repaired for a few cents.

We agree with the rule established by the cases of *O'Donnell* v. *United Electric Rys. Co.*, 48 R. I. 18, and *Riccio* v. *Ginsburg*, 49 R. I. 32, that proof of a rear-end collision makes a *prima facie* case of negligence against the driver of the car in the rear. This does not mean, however, that the driver of an automobile which is following another is to be held liable under all conditions and irrespective of existing circumstances When a *prima facie* case is made out by proving that the plaintiff was damaged in a rear-end collision, the duty of going forward with evidence of due care falls upon the defendant. If the testimony then shows a conflict of evidence from which different conclusions may reasonably be drawn by ordinarily prudent persons, then the

question becomes one of fact for the jury to determine under proper instructions from the court. The burden of proof in such a case still remains with the plaintiff.

We have examined the testimony and the charge of the court. No exception was taken to the charge, which was fair and adequate. The case presented a clear issue of fact. Both the jury and the court decided this issue in favor of the defendant. We see no reason to interfere.

The plaintiff's exception is overruled and the case is remitted to the superior court for the entry of judgment on the verdict.

*Isidore Kirshenbaum*, for plaintiff.

*Edward F. McElroy, William I. Matzner*, for defendant.