JOHN F. KENNEDY *vs.* NEW ENGLAND BAKERY.

MARCH 12, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.   This action of trespass on the case for negligence was tried to a jury in the superior court and resulted in a verdict for the plaintiff in the sum of $5,600.   Thereafter the defendant filed a motion for a new trial which was denied provided plaintiff remitted all of the verdict in excess of $4,150.   The plaintiff filed such remittitur and the case is here on defendant's bill of exceptions, including among others an exception to the trial justice's denial of its motion for a directed verdict and an exception to his denial of its motion for an unconditional new trial.   Only those two exceptions have been briefed and argued, defendant having expressly waived the others.

The plaintiff's cause of action arose out of the following accident.   On October 2, 1948 about 3:45 p.m. defendant's delivery truck, driven by James F. Riley, collided with the

rear of a public trolley bus while it was stopped near the curb at a designated bus stop on the easterly sidewalk of North Main street slightly north of its intersection with Olney street in the city of Providence in this state. As a result of the collision each vehicle was damaged and had to be towed away.

The plaintiff was the operator of the bus. He claimed that the force of the collision threw him against the back of the seat in which he was sitting and caused an injury to the lower part of his back. He further claimed that such injury had prevented him from working for several months with resulting loss of earnings, and that it had caused severe pain in his lower back and nervous shock. He has brought the instant action to obtain damages for such injuries and reimbursement for expenses which he incurred for medical care and treatment of his back.

The plaintiff alleged in his declaration that the accident was caused by the negligence of defendant, its servant or agent, in operating and controlling its truck. Such alleged negligence was more specifically described in plaintiff's bill of particulars as operating the truck at an excessive rate of speed in the circumstances, failure to keep the truck under control, and failure to maintain a proper lookout.

The case was tried on defendant's plea of the general issue. At the trial only the plaintiff and defendant's driver, Riley, testified as to how the accident happened. The plaintiff testified that after he had stopped the bus close to the curb he opened the door for a woman with a baby in her arms to get off, and that after she had alighted he bent forward and was reaching a little to his left for the handle with which to close the door when he felt a "terrific blow" at the rear of the bus which threw him against the steering wheel and he then "snapped back." He further testified that he was dazed but recovered himself in a moment, got out of the bus and went to the rear to see what had happened. He noticed a big hole in the left rear part of the bus

and saw Riley crawling back into his truck, apparently having been thrown out by the force of the collision.

Riley testified that just before the accident he had been driving northerly along Benefit street on his way to the bakery in Pawtucket at a speed of between twenty and twenty-two miles per hour, and that he was in no hurry, as he had finished his deliveries for the day. He further testified that as he reached the northerly end of Benefit street at North Main street he noticed on his left a trolley bus traveling over the hill northerly on that street; that he followed about 30 feet behind it in the center of that street; that the bus stopped a short distance north of Olney street; that he was then about 20 to 25 feet behind it; that he put his foot on the brake when he saw the bus was stopping; that it slipped off; and that he could not get it on again fast enough to stop the truck from hitting the bus. On such testimony defendant contended that Riley's failure to avoid a collision was clearly an unavoidable accident and not the result of negligence on his part in operating and controlling the truck as plaintiff alleged in his declaration and bill of particulars.

At the conclusion of the evidence defendant moved for a directed verdict in its favor on that ground. The trial justice denied such motion and defendant duly excepted. In support of that exception defendant relied here upon the above contention and argued that the trial justice erred in holding that there was evidence from which the jury could reasonably find that Riley was negligent.

After carefully examining the transcript we are of the opinion that the trial justice did not err. The uncontradicted evidence shows that defendant's truck crashed into the rear of the bus while it was stopped. It also shows that before the crash the bus had been stopped an appreciable length of time sufficient to allow a woman with a baby in her arms to alight from and get clear of the bus so as to permit the operator to start to close the door. The plaintiff testified that the bus was stopped at the curb.

Riley testified it was in the center of the street. There was no evidence that it was stopped suddenly or that it swerved unexpectedly in front of defendant's truck. On the contrary Riley testified that he noticed the bus was going to stop, and that he prepared to stop the truck by placing his foot on the brake pedal. His explanation of its failure to stop is simply that his foot slipped off the brake pedal. On such evidence there was clearly a question for the jury whether Riley's testimony satisfactorily explained the prima facie case of negligence made out against him by the uncontradicted evidence of a rear-end collision.

On all the evidence we cannot say as a matter of law that such explanation conclusively exculpated Riley from any imputation of negligence. Rather it was a matter for the jury to consider. In so doing they would be entitled to pass upon his credibility. They were not required to believe his testimony as to why he was unable to stop the truck merely because his explanation was uncontradicted. In the light of all the evidence such failure was reasonably open to different inferences as to its cause. It is too well established to need citation of authority that neither the trial justice nor this court will pass upon the credibility of the witnesses or the weight of the evidence on a motion for a directed verdict.

In a case where a defendant is charged with responsibility for a rear-end collision and he attempts to exculpate himself from such responsibility a question of credibility inevitably arises for the determination of the jury. This court has held that in such circumstances proof of the collision makes out a prima facie case in favor of the plaintiff which shifts to the defendant the burden of going forward with the evidence on the issue of negligence. *Douglas* v. *Silvia,* 55 R. I. 260; *O'Donnell* v. *United Electric Rys.,* 48 R. I. 18; *J. Samuels & Bro., Inc.* v. *Rhode Island Co.,* 40 R. I. 232. In other words, that showing by the plaintiff constitutes prima facie evidence of defendant's negligence. The defendant's attempt to rebut it by an explanation necessarily raises a

conflict that in the first instance is for the jury to resolve. In such a case a direction of a verdict would ordinarily be an invasion by the court of the province of the jury. Therefore in the case at bar the trial justice did not err in denying defendant's motion for a directed verdict. Its exception to such denial is overruled.

After verdict defendant filed a motion for a new trial on the grounds that the verdict was against the law and the evidence and the weight thereof and that the damages were grossly excessive. It also alleged a further ground of newly discovered evidence, but it did not press that ground in the superior court nor has it briefed or argued it here, and therefore it is deemed to be waived. The trial justice overruled the motion on all grounds provided plaintiff would remit all of the verdict in excess of $4,150. As previously stated, such remittitur was duly filed and a new trial was therefore denied, to which denial defendant excepted. In support of such exception it has argued here that the damages, even though reduced by the remittitur, are still grossly excessive, and also that the evidence on the issue of liability greatly preponderates against the verdict.

The defendant first argues that the trial justice's approval of the verdict on that issue is not entitled to the weight which this court usually accords to a decision of a trial justice on a motion for a new trial, because he has misconceived the law governing the burden of proof in a case where a rear-end collision is involved. It bases that contention on certain statements of the trial justice in his rescript which it asserts are equivalent to the statement "that once proof of the rear end collision is given, the defendant has the burden of ultimate non-persuasion on the issue of negligence * * *." The statements which it relies on are not connected but appear on pages 3 and 4 respectively of the rescript and read as follows: "* * * * if the explanation was not such as to satisfy the jury that the defendant should be freed from the imputation of negli-

gence, the jury would be warranted in finding that the collision occurred by reason of the defendant's negligence." "This testimony clearly falls far short of being an explanation of the collision sufficient to negative the imputation of negligence raised by the rear end collision."

After reading the rescript in its entirety we cannot agree with defendant that the trial justice in passing upon its motion for a new trial assumed that it had the burden of disproving plaintiff's allegation of negligence. Whatever impression the above-quoted excerpts from his rescript out of context may appear to convey, it is clear from the whole rescript that the trial justice did not assume that the burden of proof on the issue of negligence had shifted to defendant. There is no question that he thoroughly appreciated that such burden remained with plaintiff throughout the trial. Indeed he so charged the jury. We find no indication that when he himself was passing upon the evidence he failed to apply the same rule which he had given them for guidance in their deliberations. Moreover the language of the first-quoted statement is substantially in the form in which the law was first stated by this court with approval in *J. Samuels & Bro., Inc.* v. *Rhode Island Co., supra,* and later reiterated in *O'Donnell* v. *United Electric Rys., supra.*

On our view, the trial justice has not only applied the proper rule of law to the evidence but he has also performed his duty according to law in passing upon the jury's verdict on the question of liability. Therefore his decision approving it will not be disturbed by this court unless it is clearly wrong. He has plainly exercised his independent judgment in reviewing the evidence and deciding upon the credibility of the witnesses. In the latter connection he expressly stated that he did not credit Riley's explanation of his failure to avoid colliding with the bus. In such circumstances, there being nothing in the transcript that would clearly warrant a contrary conclusion, the trial justice's appraisal of credibility must be accepted by this

court since he had the advantage of seeing the witness and noting his demeanor as he testified. On the whole, therefore, we cannot say that his decision approving the verdict on the issue of liability was clearly wrong.

On the question of damages we are of a different opinion. Even as reduced by the remittitur they appear to be grossly excessive when measured by the evidence pertaining to the nature of plaintiff's injury, and to the extent, severity and duration of the pain caused thereby. It is conceded that the trial justice in the exercise of his independent judgment has substantially reduced the damages, and ordinarily in such a case this court is reluctant to disturb his findings unless it is clear from the evidence that the damages are still grossly excessive. It appears from his rescript that he found plaintiff had sustained a loss of $1,080 in earnings and had paid $70 for medical treatment of his injury, making a total of $1,150. While there may be some difference of opinion between us on the basis for computing the first amount, it alone is not sufficiently serious to justify us in making a further reduction. However, as to the balance of $3,000, which he allowed solely for pain and suffering, we are in serious disagreement.

Viewing the evidence in proof of this element of damage in a light most favorable to plaintiff, he appears to have suffered at best but a minor injury which did not disable him for any great length of time. He sustained no fractures, no serious contusions of the body, and he required but minimal medical treatment and no hospitalization. He was able to return to his regular occupation within thirteen weeks following the accident and has worked steadily thereat ever since except for some infrequent absences of brief duration which he claimed were due to pain in his back.

In these circumstances it appears to us that $3,000 is a grossly excessive amount to award as damages for such pain and suffering. To mulct defendant to that extent on the evidence here would scarcely do substantial justice between the parties. It is our opinion that an allowance of $2,000

for this element of damage would be amply compensatory and that a new trial should be granted unless plaintiff remits all of the verdict in excess of $3,150.

The defendant's exception to the denial of its motion for a directed verdict is overruled, the exception to the denial of its motion for a new trial on the ground of excessive damages is sustained, and the case is remitted to the superior court with direction to grant a new trial on all issues unless the plaintiff shall, on or before March 23, 1953, file in the office of the clerk of that court a new remittitur of all of the verdict in excess of $3,150. If such remittitur is filed, the superior court is directed to enter judgment on the verdict as thereby reduced.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for plaintiff.

*Francis V. Reynolds, Joseph V. Cavanagh,* for defendant.