242 A.2d 429.

KENNETH FIORIO *vs.* ENTERPRISE FUELS, INC.

JUNE 4, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a negligence action wherein the plaintiff seeks to recover damages for personal injuries he sustained when an automobile in which he was riding was struck in the rear by the defendant's truck. A superior court jury rendered a verdict for the defendant. The case is before us on the defendant's appeal from the trial justice's granting the plaintiff's motion for a new trial.

The collision occurred in Pawtucket on October 22, 1963, about 2:50 p.m., at the corner of Allen Avenue and Broadway. The plaintiff was a passenger in the front seat of an

automobile operated by Anthony Comella. The Comella car was stopped on Allen Avenue alongside a stop sign which controlled the movement of vehicular traffic from that street onto Broadway.

The record shows that just prior to this time Gilbert A. Corvese, defendant's employee, had completed repairing an oil burner for a customer who lived on Allen Avenue. His job finished, Corvese entered defendant's truck which was parked at the curb on Allen Avenue and then drove 40 to 50 feet in a westerly direction toward the Comella car which was halted at the intersection. A few moments later the half-ton vehicle struck the passenger car in its right rear breaking the car's taillight. Although defendant contends the collision was a mere bump, its driver admitted he injured his chest when the force of the collision threw him forward onto the truck's steering wheel.

Within minutes of the accident, a police officer arrived on the scene. This officer, a veteran of 11 years experience with the Pawtucket police department, took from each of the drivers a statement as to how the collision occurred. Upon checking the interior of defendant's truck, the policeman noticed that the brake pedal did not have a rubber covering over it. This covering is designed to afford traction so that the foot will not slip when it is applied to the brake. The employee who said the covering had been missing for three years described the pedal as being "shiny metal."

Although plaintiff told the officer he was shaken up, he did not complain of any injury at that time. In fact, he testified that he did not experience any pain until later that evening when his lower back and left leg began to bother him. The plaintiff's condition deteriorated in the next few days to such an extent that he was admitted to the Rhode Island Hospital on October 27, 1963, and spent eight days there. During this time plaintiff was given bed

rest, placed in traction and administered medication. After his discharge, plaintiff received periodic physical therapy treatments at the hospital. He returned to work in early March, 1964. During the time of his incapacity, he incurred medical expenses which are in excess of $700; the bulk of this sum is money owed to the hospital. At the time of the collision, plaintiff was employed as a laborer doing heavy work for which he was paid $75 a week. The plaintiff's physician and a doctor who examined him at defendant's request both agreed that plaintiff's pain was due to a low back strain which was attributable to the accident. Both of these witnesses are orthopedic surgeons whose professional skills are unquestioned.

Under Rhode Island law, upon proof of a rear-end collision a prima facie case is made out in favor of the plaintiff and the burden of going forward with the evidence of due care falls upon the defendant. *Kennedy* v. *New England Bakery,* 80 R. I. 224, 95 A.2d 454. Here defendant sought to exculpate itself by showing Comella made two stops at the stop sign. It contends that it was the second totally unexpected stop which caused the motor vehicles to collide. At one point in his testimony, Corvese said he had halted the truck behind the stopped automobile, that as the car started to move he moved and suddenly the car stopped, that he applied the brake and his foot slipped off the bare pedal onto the accelerator.

The trial justice, however, in the exercise of his independent judgment specifically disbelieved this portion of the truck driver's testimony. He pointed out that the two-stop version given by Corvese in the courtroom was inconsistent with the story he gave to the police officer on the street in Pawtucket. This officer testified that he asked each operator to give him a statement as to how the accident occurred. This witness then read what he insisted was the verbatim statement of the truck driver. In it defendant's driver said that as he approached the rear of the stopped

automobile, he applied his brake but his foot slipped from the brake onto the gas pedal. Nowhere therein did the driver refer to any sudden stop by Comella.

Before us defendant attacks the trial justice's characterization of its employee's statement as being inconsistent with his testimony on the witness stand. In doing so, it relies on the testimony of the investigating policeman that he used a "short form" of accident report because departmental regulations called for such a form when there was a lack of substantial property damage or the absence of any personal injury. The defendant then argues that the officer had, because of space limitations on the form, skeletonized the pertinent facts. The officer, however, reiterated that what he testified to was a verbatim account given him by defendant's agent. We believe that the trial justice was, in exercising his independent judgment, warranted in rejecting the driver's testimony on the basis of the differing versions he gave as to what occurred as he drew up behind the Comella car.

Failing in this regard, defendant then claims that the trial court erred in finding that plaintiff was injured as a result of the crash because he overlooked the fact that plaintiff had failed to disclose to any of the examining physicians a prior back injury he received some five or six years earlier. In making such a statement defendant is in error. The plaintiff's surgeon testified that his patient had mentioned his former injury while he was in the hospital. While defendant continually refers to this earlier back condition, the injury has never been identified with any great degree of specificity nor did defendant ask its physician if knowledge of this condition would cause him to change the opinion he rendered at the trial. We can perceive no merit in this phase of defendant's argument.

It is clear from the trial justice's decision that he exercised his independent judgment in passing upon the motion for a new trial and was convinced that the jury's verdict

was clearly contrary to the weight of the evidence. He found that plaintiff as a passenger was not guilty of any contributory negligence; the defendant was negligent and plaintiff was injured thereby. Indeed he emphasized in his decision his strong feeling that substantial justice had not been accorded in this case.

Where, as here, a trial justice has properly reviewed the evidence neither overlooking or misconceiving any item of importance on a material issue, and in the exercise of his more experienced judgment comes to a conclusion that the evidence fairly preponderates against the verdict and awards a new trial, we have repeatedly held that this court will not disturb his decision unless it is clearly wrong. From our examination of the transcript, we are well satisfied that the view he took of the evidence and the inferences he drew therefrom find support in the record. Accordingly we apply our well-settled rule and leave the decision of the trial justice undisturbed. *Jones* v. *Pina*, 102 R. I. 570, 232 A.2d 356.

The defendant's appeal is denied and dismissed, and the case is remitted to the superior court for a new trial.

*Matthew J. Zito, William A. Curran,* for plaintiff.

*Martin M. Zucker,* for defendant.