252 A.2d 135.

JOHN RUSSO *vs.* FREDERICK D. ODELL.
CARMELLA RUSSO *vs.* FREDERICK D. ODELL.
CARMELLA RUSSO *vs.* POCASSET FOOD SALES, INC.
JOHN RUSSO *vs.* POCASSET FOOD SALES, INC.

APRIL 10, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

350

POWERS, J. These are cross appeals in four civil actions arising out of a rear-end collision on North Main Street, a public highway in the city of Providence.

The facts are in dispute and need not be recited except as they relate to the determinations of the trial court justice which are the bases of these appeals. Suffice it to say that the accident, which led to the bringing of the actions, occurred when a truck driven by defendant Odell and owned by defendant Pocasset Food Sales, Inc., collided with the rear end of a station wagon owned and operated by Leroy A. Sanderson, brother-in-law of plaintiff Carmella Russo, in which Mrs. Russo and Mrs. Sanderson were passengers. The instant actions were brought by Mrs. Russo against Odell and Pocasset, and by John Russo, her husband per quod, against the same two defendants.

The cases were consolidated for trial to a superior court justice and a jury. After all parties had rested, and the jury excused, plaintiffs moved for directed verdicts on the question of liability. After hearing argument by counsel, the trial justice denied the motions in all four cases, to which decisions plaintiffs duly objected.

Thereafter, the jury was charged and after lengthy deliberation returned verdicts for defendants in all four cases. The plaintiffs thereupon filed motions for judgment *non obstante veredicto* and for new trials in each of the cases. The trial court justice denied the motions for judgment n.o.v. in all cases, but granted the motions for new trials. The plaintiffs objected to the denial of the motions for judgment n.o.v., and similarly, defendants objected to the granting of the motions for new trials.

All of the parties have appealed to this court, plaintiffs'

reasons being the denial of their motions for directed verdicts and motions for judgment n.o.v., and defendants' reason being the granting of the motions for new trials.

In ruling on plaintiffs' motions for directed verdicts on the issue of liability, the trial justice stated: "I'm not satisfied that there isn't some evidence on which the jury could infer, could find that there was a satisfactory explanation of this rearend collision. I admit it's very slight, but I don't think I've got a right to direct for the plaintiff." The plaintiffs argue that there was no evidence, not even a slight amount, presented by defendant which would explain the rear-end collision.

The duty of a trial justice in ruling on a motion for a directed verdict as well as the function of this court in passing on such a ruling are clearly set forth in *Dawson* v. *Rhode Island Auditorium, Inc.*, 104 R. I. 116, 121-22, 242 A.2d 407, 411. Simply stated, the rule is that if there is any evidence favorable to the party against whom the motion is directed, the trial justice is required to submit the case to the jury.

In the present case, the trial justice, having performed his duty, found some slight evidence, although not specifically mentioned in his decision, from which he felt the jury could infer an explanation of the rear-end collision. Having failed to point to the evidence on which he relied, it became the duty of this court to examine the record and independently determine whether any such evidence is present.

It should be noted that under the law of this state, proof of a rear-end collision makes out a prima facie case for plaintiff; the burden of going forward with evidence of due care then falling on defendant. *Fiorio* v. *Enterprise Fuels, Inc.*, 104 R. I. 132, 242 A.2d 429; *Kennedy* v. *New England Bakery*, 80 R. I. 224, 95 A.2d 454.

The operator, Sanderson, testifying for plaintiffs, stated

that he had brought his vehicle to a stop behind a line of cars which were stopped for a red light. When the light turned to green the cars started up, but one vehicle started to make a turn, causing the Sanderson station wagon and the car immediately in front to come to a stop. Upon making this second stop, Sanderson's auto was struck in the rear by the truck driven by defendant Odell. This proof of a rear-end collision thus placed on defendants the burden of going forward with an explanation.

During the course of his interrogation, defendant Odell testified that he brought the truck which he was driving to a stop behind several vehicles which were stopped for a red light, the station wagon in which plaintiff Carmella Russo was riding being immediately in front of the truck. Odell further testified that when the light changed to green, the line of vehicles started up, but one of the cars suddenly stopped, apparently to make a turn. He immediately applied his brakes, but was unable to avoid contact with the station wagon in front of him. This, then, was defendants' evidence on which the trial justice could have relied.

Applying the rules in the cited cases, we are in agreement with the decision of the trial justice denying plaintiffs' motions for directed verdicts.

The aforementioned testimony of defendant Odell was such that the jury would have been warranted in drawing an inference that he had acted with due care.

The plaintiffs' appeal, therefore, from the trial justice's denial of their motions for directed verdicts is denied.

We turn next to defendants' appeal from the decision of the trial justice granting plaintiffs' motions for new trials. It is well settled that such a decision is entitled to great weight and will not be disturbed by this court, absent a showing that it is clearly wrong, or that in making the findings on which it is based, the trial justice either misconceived or overlooked material evidence on a controlling

354

issue. *Labbe* v. *Hill Bros., Inc.,* 97 R. I. 269, 197 A.2d 305. It is equally well settled that in passing on such a motion, it is the duty of the trial justice to consider in the exercise of his independent judgment all of the material evidence in the case in light of his charge to the jury and to pass on its weight and the credibility of the witnesses. Having done this he must then determine whether the evidence as thus considered is such that reasonable minds might come to different conclusions, in which case he should not disturb the jury's verdict. If, on the other hand, his judgment tells him that it is wrong because it fails to respond truly to the merits of the controversy and to administer substantial justice and is against the fair preponderance of the evidence, he should set aside the jury's verdict and order a new trial. *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836.

The trial justice having properly performed his duty in accordance with the *Barbato* rule, in order for this court to reverse his ruling, defendants-appellants must convince this court that the trial justice was clearly wrong or overlooked or misconceived material evidence on a controlling issue in the case. This, they have failed to do.

The defendants' brief consists in large part of lengthy quotations from the transcript which they feel support their version of the accident. The only evidence, however, which they specifically point to as having been misconceived or overlooked by the trial justice relates to the question of whether the truck driven by defendant Odell had been stopped immediately before the accident. Odell's testimony was to the effect that it had. The trial justice, however, stated that Odell's version of how the accident occurred was "so highly improbable that it's not worthy of belief." He further stated that in his judgment Odell's testimony "as to how the accident happened is not true and was not believable * * *." He noted the inherent improbability of the truck having been stopped prior to the accident, stating

"* * * if he was standing in back of that station wagon, when the station wagon took off and he proceeded in low gear, even if he had to make a jack-rabbit stop, he could not have struck this vehicle * * *. I'm clearly of the opinion that that truck was not stopped in back of that station wagon." The trial justice having reached his conclusion after a thorough analysis and review of the evidence and not having been shown to have overlooked or misconceived it, his decision should not be disturbed.

The defendants' appeal from the granting of the motions for new trials are, therefore, denied.

Finally, plaintiffs have appealed the trial justice's denial of their motions for judgment n.o.v. Although we feel that the trial justice was correct in denying said motions, it is not for the reasons which he stated nor for the reasons argued to this court. The standards for ruling on a motion for judgment n.o.v. are the same as those governing a motion for a directed verdict. 5 Moore, *Federal Practice* (Second) ¶50.07 [2]. Under Federal Rules of Civil Procedure, Rule 50(b), "Whenever a motion for a directed verdict made at the close of all the evidence is denied * * *, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than 10 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict * * *." In accordance with the aforementioned federal rule, a party desiring appellate review of the denial of his motion for a directed verdict must make a motion for judgment notwithstanding the verdict within the 10-day period. *Cone* v. *West Virginia Pulp & Paper Co.*, 330 U. S. 212, 67 S. Ct. 752, 91 L. Ed. 849; *Globe Liquor Co.* v. *San Roman*, 332 U. S. 571, 68 S. Ct. 246, 92 L. Ed. 177.

In this state, the superior court rules of civil procedure, rule 50(b), permits the trial court justice to reserve his decision on a motion for a directed verdict made at the close of all the evidence. If he does so, he may then rule on the motion after the jury has been discharged, whether or not they returned a verdict. No motion for judgment, notwithstanding the verdict, is required of the party upon whose motion the decision was reserved, assuming, of course, that the jury's verdict was against the moving party. See superior court rules of civil procedure, comment to rule 50(b).

Further, under our superior court rules, it is not necessary for a party to make a motion for judgment n.o.v. in order to get appellate review of the trial justice's decision as it relates to the legal sufficiency of the evidence presented by the party moved against. Since the standard applied to the ruling on a motion for a directed verdict is the same as that applied to the ruling on a motion for judgment n.o.v., where, as in the present case, the trial justice has denied plaintiffs' motions for a directed verdict made at the close of all the evidence, reconsideration of the same issue under the guise of a motion for judgment n.o.v. is inappropriate and unnecessary.

The trial justice, when presented at the close of all the evidence with a motion for a directed verdict has three alternatives under rule 50(a) and (b). He may either grant the motion, deny the motion or reserve decision thereon. If he is convinced that the party moved against has introduced some evidence which, if believed, would support a verdict in his favor and therefore denies the motion, there is no justification for the trial justice to reach a different conclusion when applying the same test on a motion for judgment n.o.v.

A plaintiff, as in the instant case, loses nothing by not being able to move for judgment n.o.v. after his motion for

a directed verdict at the close of all the evidence has been denied. He may move for a new trial, in consideration of which motion the trial justice is free to consider the credibility of defendant's evidence, a consideration which cannot be made in ruling on a directed verdict motion. Further, as in the present case, even if the new trial motion is granted the party may nevertheless appeal the trial justice's adverse decision on the directed verdict motion. There appears to be no reason why the trial justice or this court should be burdened with the consideration of a motion for judgment n.o.v. where, as here, it amounts to mere surplusage. The plaintiffs' motions for judgment n.o.v. in the present cases having been inappropriate and unnecessary, the trial justice was correct in denying them.

All of the appeals in the present cases are therefore denied, and the cases are remitted to the superior court for further proceedings.

*Julius C. Michaelson, Howard I. Lipsey,* for plaintiffs.

*Gunning & LaFazia, Raymond A. LaFazia, V. James Santaniello,* for defendants.