254 A.2d 84.
EDWARD H. CAMPBELL *vs.* FRANK R. HAYWARD.

JUNE 2, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J.  The narrow question raised by the defendant's appeal in this case is whether the trial justice erred in granting the plaintiff's motion for a new trial.[1]

On November 30, 1961, plaintiff was riding in a motor vehicle owned and operated by his wife which collided with a motor vehicle owned and operated by defendant.  The plaintiff and his wife brought separate actions against defendant.  The cases were consolidated for trial in the superior court and heard before a justice of that court and a jury.  The jury returned a verdict for defendant and plaintiffs thereafter filed a motion for a new trial in each case.  The trial justice denied the motion in the wife's case.  He granted the motion in the husband's case with respect to his personal damages only, expressly excluding any recovery for consequential damages resulting from his wife's alleged injuries.  No appeal was taken by the wife in her case.

The main thrust of defendant's appeal is that the trial justice misconceived or overlooked material evidence in arriving at his decision.  In considering this appeal we shall refer only to that portion of the evidence which is relevant to the issues raised by defendant.

At about 10 p.m. on November 30, 1961, plaintiff's wife was driving her automobile in Providence in a southerly direction on Page Street heading toward Friendship Street.  Her husband, who was then 73 years of age, was seated in the right front seat.  She stopped at the stop sign that was

---

[1]The record fails to disclose the entry of any order granting plaintiff's motion for a new trial. For this reason we ordered the clerk of the supreme court to transmit the papers to the clerk of the superior court for entry of such order, based on the decision of the trial justice, nunc pro tunc. This has been done and we have treated the appeal as taken in compliance with rule 73 (a) of the rules of civil procedure of the superior court.

on the righthand corner at the intersection of Friendship Street, and then proceeded to enter the intersection when the collision with defendant's car occurred.

The defendant had parked his car in a parking lot located between Clifford and Friendship Streets after he had left his wife off in the shopping district. The defendant testified he was unfamiliar with the area, never having been in this parking lot before. He had parked his car earlier that evening by entering from a street parallel but a block away from Friendship Street. He had gone to the shopping district and had returned to the lot about 9:45 p.m. to get his car and pick up his wife. The street lights in the area were dull and the parking lot lights were not on at the time he returned. He left the lot by a driveway leading into Friendship Street, a one-way street on which traffic is allowed in an easterly direction. The defendant saw no signs indicating that it was a one-way street and he turned left and proceeded in the wrong direction at about 20 miles an hour for a distance of 225 feet.

The defendant further testified as follows. There was no traffic on Friendship Street at the time. He first observed the Campbell car just coming to a stop at the stop sign on Page Street when he was about 30 feet away. The stop sign was about even with the property line on the westerly side of Page Street. Both cars had their headlights on. The defendant slowed down to about 15 miles an hour as he approached the intersection and had gone one half to three quarters of the way across the intersection of Page Street when the Campbell car came forward and struck defendant's car at the right door. After the accident, defendant was told by one of the Campbells that he was going in the wrong direction on a one-way street.

Mrs. Campbell's version of how the accident happened is substantially different from defendant's. She testified in substance that she heard the motor of his car as it was

in the parking lot; that it came off the parking lot close to the intersection; and that when she drove forward, defendant struck her head-on.

The plaintiff operated and managed a restaurant business in Providence. He testified that he had been thrown forward and hit his head against the rear-view mirror. He claimed he was disabled as a result of the injuries he sustained and presented certain medical evidence about his physical condition. Evidence was also presented concerning injuries plaintiff had sustained in a prior automobile accident in 1956.

The parking lot manager testified in substance that there was a one-way sign at the corner of Garnett and Friendship Streets at a point where the defendant left the lot just before the accident.

In passing on plaintiff's motion for a new trial, the trial justice stated in his decision that he felt the jury rejected Mrs. Campbell's version of how the accident happened, and accepted defendant's with respect to the point where defendant left the parking lot and turned left on Friendship Street. He said he believed the jury was correct in so doing. However, he concluded that defendant was negligent in the operation of his automobile on a one-way street in the wrong direction under the circumstances then existing. We quote his language verbatim. He said:

> "The testimony of the parking lot manager was fully credible and even apart therefrom Mr. Hayward should have seen to it that he operated his vehicle in the proper direction on Friendship Street. To say that he didn't know what he was doing, a person who operates on a one-way street in the wrong direction, especially as in the situation of Mr. Hayward, he had in a sense four contacts with Friendship Street. In the first place he drove to the parking lot; in the second place he walked away from it; in the third place he walked back to it; and in the fourth place he drove away from it."

After stating that there was no evidence indicating that plaintiff was contributorily negligent, he held that the verdict as to him was in error and he granted his motion for a new trial "* * * with respect to his personal damages, apart from consequential damages."

The duty of a trial justice in passing on a motion for a new trial is so well established in this state as to require no repetition here. *Russo* v. *Odell,* 105 R. I. 349, 252 A.2d 135; *Dawson* v. *Rhode Island Auditorium, Inc.,* 104 R. I. 116, 242 A.2d 407; *Labbe* v. *Hill Brothers, Inc.,* 97 R. I. 269, 197 A.2d 305; *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836. We are satisfied that in the present case the trial justice exercised his independent judgment in considering the material evidence in the case in light of his charge to the jury and in passing on the weight and credibility of the witnesses. As we have already indicated, he rejected Mrs. Campbell's testimony, accepted defendant's version of the point at where he left the parking lot, and relied on the parking lot manager's testimony. Having done so, it is apparent that he concluded that the verdict was wrong because it failed to respond truly to the merits of the controversy and to administer substantial justice to the parties and was against the fair preponderance of the evidence. Since the trial justice properly performed his duty, his decision is entitled to great weight and will not be disturbed by this court, absent a showing that the findings on which it is based are clearly wrong, or that in making such findings he either misconceived or overlooked material evidence on a controlling issue.

The defendant's first argument is that the trial justice was in error in stating that defendant "had in a sense four contacts with Friendship Street." Following this comment the trial justice said:

"In the first place he drove to the parking lot; in the second place he walked away from it; in the third

place he walked back to it; and in the fourth place he drove away from it."

The defendant points to certain testimony in the transcript indicating that the trial justice's statement was in fact not accurate. From this he argues that it is clear that the trial justice misconceived material evidence and that in the circumstances we should set aside his decision. We do not agree.

It is true, as defendant points out, that the statement in question is not supported by defendant's testimony as to how many contacts he had with Friendship Street. However there is nothing in the trial justice's decision that indicates that he based his ultimate ruling only on the number of contacts defendant had with Friendship Street. Indeed, the opposite is true. His decision shows that he relied on the testimony of the parking lot manager and that, while recognizing that violation of the one-way street ordinance was not negligence per se, *Rossi* v. *Ronci*, 63 R. I. 250, 254, 7 A.2d 773, 775, he considered the violation as evidence of negligence and concluded that the verdict failed to respond truly to the merits of the controversy. *Wilcox* v. *The Rhode Island Co.*, 29 R. I. 292, 70 A. 913.

Nor are we persuaded by the argument that the trial justice overlooked defendant's testimony that there was no sign in the middle of the block indicating to defendant, as he was leaving the parking lot, that Friendship Street was a one-way street with travel permitted only in an eastbound direction. It is apparent from a reading of his decision that on this issue he relied on the testimony of the parking lot manager and rejected that of defendant. His failure to expressly refer to defendant's testimony does not constitute misconceiving or overlooking this testimony. *DiMaio* v. *Del Sesto*, 102 R. I. 116, 228 A.2d 861.

The defendant next argues that the trial justice overlooked the fact that plaintiff failed to prove by a fair pre-

ponderance of the evidence that he sustained any injuries resulting proximately from this accident. The defendant's theory in arguing this point is that because plaintiff failed to prove he sustained any injuries, the jury found against him for the reason that this was a case of injury without damage. We are not persuaded that the trial justice overlooked the question of injuries. As we view his decision he found against the wife on the ground that she was guilty of contributory negligence. In the husband's case he found no evidence of contributory negligence and having decided against defendant on the question of liability and having decided that plaintiff was entitled to a new trial, he never reached the question of injuries or damages and consequently refrained from discussing those questions. We find no error.

We are satisfied that on the question of defendant's negligence the trial justice decided that the evidence was neither so evenly balanced nor such as would fairly lead different minds to come to different conclusions thereon. It is clear, as we have already indicated, that he granted plaintiff's motion for a new trial because he determined that the verdict was against the fair preponderance of the evidence. Since the defendant has failed to persuade us that the trial justice overlooked or misconceived any material evidence, and since it does not appear that his decision was clearly wrong it must stand.

The defendant's appeal is denied and dismissed, and the case is remitted to the superior court for a new trial.

*Raul L. Lovett,* for plaintiff.

*Martin M. Zucker,* for defendant.