339 A.2d 738.

LYDIA ROBITAILLE *vs.* J. DELIPHAT BROUSSEAU *et al.*

JUNE 20, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

28

ROBERTS, C. J. This civil action was brought by Lydia Robitaille, a tenant, against her landlords,[1] Mr. and Mrs. J. Deliphat Brousseau, for injuries sustained when she fell while walking on a snow-covered path which connected the front door of her rented duplex home with the highway. The case was tried to a jury in the Superior Court, and at the close of all the evidence the defendants moved for a directed verdict. The trial justice reserved decision on this motion and sent the case to the jury, which was unable to reach a verdict. Thereupon, the trial justice granted the reserved motion for a direction on his conclusions that the plaintiff was guilty of contributory negligence and that it had not been established that the defendants owed any duty to the plaintiff to clear the walk or had any notice that a perilous situation existed. From the granting of the motion for a directed verdict, the plaintiff is prosecuting an appeal to this court.

The plaintiff testified that she and her family occupied the right half of the duplex, explaining that by "right" half she meant the right side as the building is viewed from the street. The other side was occupied by another

---

[1]One of the original defendants, J. Deliphat Brousseau, died while this action was awaiting trial. His insurer, Allstate Insurance Company, was substituted for him and his wife, Ella Brousseau.

family. Each family had a separate front door located at about the middle and front of the building. Unpaved driveways extended from the street and ran along both sides of the house; the driveways were separated from the house by a small width of lawn. A path extended from the front entrance of the house across the lawn to the highway. This path was of cement construction except for a short distance just before the road, which was grass. Another cement path, which was adjacent to the building, ran along the front, side, and rear of the house. This latter path did not extend to the driveway; rather a grassy mound sloped down to the driveway.

According to the testimony of plaintiff, there had been a snowfall a few days prior to January 1, 1967, the date of her fall. Her daughter, she stated, had cleared some of the snow from a portion of the center path but did not complete such clearing all the way to the street. At about 9:30 p.m. on the evening of January 1, plaintiff was returning to her home and was walking up the center path. As she did so, she slipped and fell on some snow or ice on that portion of the path that her daughter had not cleared.

The rule controlling the issues raised in this case is settled in this state. Whenever the possessor of property rents portions thereof to various tenants but retains control of such portions thereof as are used in common by all the tenants, he has the duty to keep the retained portions in a reasonably safe condition for their prospective use. *Reek* v. *Lutz,* 90 R. I. 340, 158 A.2d 145 (1960). Included within the scope of this duty is the proper maintenance of passageways or sidewalks outside the demised premises. *Lawton* v. *Vadenais,* 84 R. I. 116, 122 A.2d 138 (1956). The rule has been extended to cases involving accumulations of snow or ice upon portions of the premises reserved for common use when the lessor knows or should have

known of the condition and failed to act within a reasonable time. *Fuller* v. *Housing Authority*, 108 R. I. 770, 279 A.2d 438 (1971).

In this case the trial justice granted the motion for a directed verdict on the basis of his conclusion, first, that the landlord was under no duty to plaintiff to clear the walks and, second, that plaintiff was contributorily negligent in the matter. On a motion for a directed verdict a trial justice is required to view the evidence in the light most favorable to the party against whom the motion is made with all reasonable inferences to be drawn in that party's favor. *Gramolini* v. *Marzalkowski,* 102 R. I. 85, 89, 228 A.2d 537, 538-39 (1967); *Avedesian* v. *Butler Auto Sales, Inc.*, 93 R. I. 4, 12, 170 A.2d 604, 608 (1961).

We turn, first, to the question whether in this case the trial justice erred in holding as a matter of law that the landlord owed no duty to plaintiff to clear the common walkways of accumulations of snow or ice.

As we said in *Reek* v. *Lutz, supra* at 346, 158 A.2d at 148: "* * * the right to use the common portions of the premises by the tenant, his family, or his invitees is an incident of the tenancy created by the contract of letting between the landlord and the tenant." It is clear, then, that the duty to which we above refer may be abrogated by some agreement between the landlord and the tenant which relieves the landlord of the obligation. Here, in an effort to establish the existence of such an agreement, testimony was adduced through a statement of the landlord, Mrs. Brousseau, that the parties at the time of the leasing had agreed that the tenants would undertake to perform such tasks as mowing the lawn, taking care of their garbage, and shoveling the walks. The tenants, on the other hand, testified that there had been no agreement made at any time concerning the care of the property and

the removal of snow from the walks.[2] Obviously, the testimony of plaintiff contradicting that of the landlord concerning an agreement relieving the landlord of the obligation to clear the walks is susceptible of a reasonable inference that no such agreement had been entered into, and it is our opinion that in that circumstance the testimony presented a jury question as to whether the duty had been abrogated. It was error on the part of the trial justice to grant a direction on this ground.

It is our opinion also that the trial justice erred in granting the motion for a directed verdict on the ground that plaintiff was contributorily negligent as a matter of law. This conclusion completely overlooks the inferential potential of plaintiff's testimony concerning her actions just prior to her fall on the evening of January 1. She testified that she was returning home from a visit at about 9:30 p.m. on that evening. She was being driven in the family car by her daughter, Eva. On arriving at the house, her daughter drove the car into the driveway. The plaintiff testified further that she remembered that while the side path leading to the driveway had been shoveled, water had collected on it and frozen, and that the mound at the end of the path was icy. She further testified that she was concerned about the rutted condition of the driveway and told her daughter: "I don't want to get out here." It appears that her daughter then backed the car out of the driveway and drove up to the front of the

---

[2] It is not disputed that the landlords never did clear snow from the walks or that the tenants ever complained of this inaction on their part. This ostensible acquiescence by the tenants prompted the defendants to argue vigorously that if the plaintiff had a right to have the snow removed by the landlords, that right had been waived by her conduct. However appealing this argument might be, we are constrained to reject it. Waiver is an affirmative defense and, pursuant to Super. R. Civ. P. 8(c), must be pleaded and proved by the defendants. Since this was not done, the matter is not before us at this time.

house, where plaintiff left the car and started to walk up the center path. As she was proceeding up the path and just before she reached the portion thereof that had been cleared by her daughter earlier, she slipped on some of the accumulated ice and snow and fell.

It is well settled in this state in dealing with situations of taking the case away from the jury by a motion to direct that contributory negligence is usually a question of fact and is rarely a question of law. This court said in *Floyd* v. *Turgeon*, 68 R. I. 218, 224, 27 A.2d 330, 334 (1942): "Contributory negligence is usually a question of fact and only rarely a question of law. Where the facts are such that a person of ordinary prudence would instantly perceive what to do or what to refrain from doing, it may become a question of law for the court." *Nicholson* v. *Narragansett Tastee-Freez Co.*, 101 R. I. 323, 222 A.2d 776 (1966); *Reek* v. *Lutz, supra.*

On viewing the conduct of plaintiff just prior to her fall in the light of the rule referred to above, we cannot say that she was not acting as a reasonably prudent person would act in all the circumstances. She knew of the conditions on both paths and elected in view of her knowledge to use the center path as a means of gaining access to her home. We cannot agree that as a matter of law she did not act as would a reasonably prudent person. We would note also that this case does not fall within the exception set out in *Fuller* v. *Housing Authority, supra,* which specifically relieves a landlord of liability for injuries sustained in a fall on snow-covered common ways where the landlord had provided an alternate route of access that had been cleared of an accumulation of snow and ice. In these circumstances, it is our opinion that the trial justice erred in granting a directed verdict on this ground.

Similarly, we find error in the trial justice's ruling that

the defendant had no notice of the hazardous situation that existed. It is clear from the record that there was no dispute that the ice and snow on the sidewalk at the time the plaintiff fell was the result of a snowfall which had occurred 3 or 4 days earlier. *Fuller* specifically requires the clearing of ice or snow under the landlord's duty within a reasonable time after accumulation and after the landlord has had notice or should have had notice of the condition. In this case, the landlord resided in a house directly behind the plaintiff's duplex, and there is no evidence of any reason why he was not aware of the accumulation of the snow and ice. Given these facts, we see no evidentiary basis for the trial justice's finding that the defendants lacked proper notice.

The appeal of the plaintiff is sustained, the judgment appealed from is reversed, and the case is remanded to the Superior Court for a new trial.

*F. Munroe Allen,* for plaintiff.

*Charles H. Anderson,* for defendants.