368 A.2d 1234.

ROBERT NELSON *vs.* ANTHONY GRILLI, JR.

FEBRUARY 7, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. This is a personal injury suit brought by the plaintiff to recover damages for injuries allegedly sustained as the result of his vehicle being struck in the rear by another vehicle owned and operated by the defendant. Verdict was returned for the plaintiff, and the defendant, alleging several errors, has appealed from the trial court's denial of his motion for a new trial. Because the trial justice erroneously took the question of contributory negligence from the jury, we reverse and remand the case for a new trial. We do not reach the defendant's other contentions. Hereinafter, we will refer to the plaintiff as Nelson and the defendant as Grilli.

The parties agree that the collision took place on April 15, 1968, at approximately 7:30 p.m. at the intersection of Smith Street and River Avenue in Providence. Both cars were on River Avenue in a line of traffic. The traffic signal had been red, and Nelson had stopped. Grilli was approaching the intersection behind Nelson, but the light changed to green before Grilli was obliged to halt. When the light turned green, Nelson proceeded into the intersection to turn left on to Smith Street. He testified that the car preceding his, and also turning left, stopped because of oncoming traffic and "when he stopped I stopped." Within seconds the rear-end collision occurred.

Grilli's version of the collision was basically the same, except his testimony was that Nelson's car had "stopped short." He also testified that following the mishap they went into a drugstore to call the police and have a cup of coffee; that during the conversation he asked Nelson what had happened; and that Nelson explained he had stopped

short because "a woman driver [came] flying through the intersection from River Avenue."

In his instruction to the jury, the trial justice charged that as a matter of law Nelson was not contributorily negligent, and the burden of "explaining away his conduct" was on Grilli. Counsel for Grilli duly objected to this portion of the charge.

It is well established in Rhode Island that a rear-end collision establishes a prima facie case of negligence against the driver of the second car, and the duty of going forward rests with the defendant. *Rachiele* v. *McGovern,* 107 R.I. 241, 246, 266 A.2d 36, 38 (1970); *Maklar* v. *Greene,* 106 R.I. 405, 408, 261 A.2d 15, 18 (1970). However, "[i]f the testimony then shows a conflict of evidence from which different conclusions may reasonably be drawn by ordinarily prudent persons, then the question becomes one of fact for the jury to determine * * *. The burden of proof in such a case still remains with the plaintiff." *Maklar* v. *Greene, supra* at 408, 261 A.2d at 18, quoting *Douglas* v. *Silvia,* 55 R.I. 260, 261-62, 180 A. 359, 360 (1935). We note also that the general rule for contributory negligence is that it is a question of fact and not of law, except where the facts warrant only one conclusion. *Robitalle* v. *Brousseau,* 115 R.I. 27, 32, 339 A.2d 738, 741 (1975).

It is evident that Grilli adduced evidence from which the jury could find Nelson contributorily negligent. They might have inferred that Nelson stopped short because he was not paying attention to the traffic approaching the intersection. Accordingly, the conflicting testimony warranted the jury's consideration of the issue. At the time of this trial the law still was that the plaintiff had to prove freedom from contributory negligence as an element of his case.

The defendant's appeal is sustained, and the case is remanded to the Superior Court for a new trial.

*Hodosh, Spinella, Hodosh & Angelone, Gerard McGovern DeCelles,* for plaintiff.

*John G. Carroll, Robert K. Pirraglia,* for defendant.