Sumner POMERANZ et al.

v.

Jane M. DeCRISTOFARO et al.

No. 93–677–Appeal.

Supreme Court of Rhode Island.

Nov. 18, 1994.

Louis Cioci, Karen Lucas, Providence.

Dennis Bossian, Anthony Gianfrancesco, Providence.

## ORDER

This case came before the Supreme Court for oral argument on November 14, 1994, pursuant to an order that directed the plaintiff, Sumner Pomeranz, to show cause why his appeal should not be summarily decided. The plaintiff has appealed the granting by the Superior Court of a directed verdict in favor of defendant Patricia Nicoletti and the denial of his motion for a new trial.

After reviewing the memoranda submitted by the parties and after considering the arguments of counsel, we are of the opinion that cause has not been shown and the issues raised in the appeal will be decided at this time.

The plaintiff filed a complaint in 1989 against defendants Patricia Nicoletti, Salvatore Vinci and Jane DeCristofaro–Hunt who were drivers in a four-vehicle chain collision with the car in which plaintiff was a passenger.

Under well-established precedent in this state, "a rear-end collision establishes a prima facie case of negligence against the driver of the second car, and the duty of going forward rests with the defendant." *Nelson*

*v. Grilli*, 117 R.I. 538, 540, 368 A.2d 1234, 1235 (1977). Defendant Nicoletti was the driver of the second car in the collision. After deliberation, a jury found that plaintiff neither proved that he was injured in the accident nor that his alleged injuries were proximately caused by defendants. In ruling on Nicoletti's motion for a directed verdict, the trial justice properly applied the standards for reviewing such a motion and the law on rear-end collisions. On the basis of the evidence given by the parties, including the corroboration of Nicoletti's testimony that she had been stopped at a traffic light before the collision, the trial justice found no negligence on Nicoletti's part, but found, rather, that either or both Vinci or Hunt could have acted negligently. Consequently, the trial justice denied the motions for directed verdict made by Vinci and Hunt but granted Nicoletti's motion. Therefore, we are of the opinion that the justice properly granted a directed verdict in favor of Nicoletti.

In regard to plaintiff's motion for a new trial, this court will not disturb the ruling of the trial court "unless the decision is clearly wrong or unless the trial justice, in reviewing the evidence, overlooked or misconceived relevant and material evidence." *State v. Tooher*, 542 A.2d 1084, 1087 (R.I.1988). In the event the trial justice "determines that the evidence and reasonable inferences to be drawn therefrom are so nearly balanced that reasonable persons could arrive at different results in deciding the case, the new trial motion must be denied." *Fiske v. MacGregor, Division of Brunswick*, 464 A.2d 719, 723 (R.I.1983). After reviewing the record, this court concludes that the trial justice properly adhered to the guidelines for deciding a motion for a new trial by making careful observations regarding the testimony, accepting parts and rejecting others, and noting that although she may not have agreed with the verdict of the jury, there was sufficient evidence to support its verdict.

Consequently, we deny and dismiss the appeal, and affirm the judgment of the Supe-

rior Court to which we remand the papers in the case.