DECISION
Before the Court is defendant Marriot Family Restaurant, Inc.'s ("Marriot" or "Lessee") motion for summary judgment pursuant to R.C.P. 56. Judith A. Bowder, plaintiff, allegedly slipped and fell at the Howard Johnson's Restaurant located at Jefferson Boulevard, Warwick, Rhode Island, on July 22, 1987. As a result of this incident, the plaintiff sustained personal injuries.
Facts/Travel
The case file reveals that late in the evening on July 22, 1987, Ms. Bowder was walking from Howard Johnson's Restaurant toward her car when the heel of her shoe allegedly became caught in a crack in the sidewalk in front of the restaurant, causing her to fall. As a result of this incident, the plaintiff filed this lawsuit alleging negligence on the part of Marriott.
In July 1987, Marriott was leasing certain portions of the real property located at 20 Jefferson Boulevard and ran the restaurant under the Howard Johnson's name. The property was leased from Northeast Hotel Associates ("Northeast" or "Lessor").[2] Section IX of the lease between these parties sets forth the responsibilities of the lessor and lessee with respect to effecting repairs of the demised premises. Section IX(a) provides as follows:
 a. Lessor's Repairs: Lessor agrees, at its own costs and expense, to make all structural repairs to the demised premises and all exterior repairs, including but not limited to foundation, walls, roof and parking area. The Lessor is to be notified by the Lessee of necessary repairs, which will be commenced promptly by the Lessor.
Summary Judgment Standard
Summary judgment is a drastic remedy that should be cautiously applied. McPhillips v. Zayre Corp., 582 A.2d 747, 749 (R.I. 1990); Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). Summary judgment should be issued when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Alfano v. Landers,585 A.2d 651, 652 (R.I. 1991).
In passing on a motion for summary judgment, the trial justice must review the pleadings and affidavits in a light most favorable to the party opposing the motion. McPhillips, 582 A.2d at 749; O'Hara v. John Hancock Mutual Life Insurance Co.,574 A.2d 135 (R.I. 1990). Nevertheless, the party opposing summary judgment may not rest upon mere allegations or denials in its pleading and has an affirmative duty to set forth specific facts showing a genuine issue of fact to be resolved at trial.Quimette v. Moran, 541 A.2d 855, 856 (R.I. 1988). Failure to set forth such facts will result in summary judgment entered against the party opposing the motion. Ardente v. Horan,117 R.I. 254, 257-58, 366 A.2d 162, 164 (1976).
Marriot's Motion for Summary Judgment
Defendant Marriot urges this Court to grant summary judgment because the lease specifically assigned to the lessor, Northeast Hotel Associates, the duty to make all necessary repairs to the demised premises. In light of this covenant, Marriot, as lessee, contends it was not negligent in failing to repair the crack in the sidewalk because it had no duty to make such repairs. Thus, because no questions of material fact are in dispute, Marriott believes it is entitled to judgment as a matter of law.
The question of whether there exists a duty of care is a question for the court, and if no duty exists, summary judgment must be granted. Ferreira v. Strack, C.A. No. 93-381-A, Slip Op. at 5-6 (R.I. filed Jan. 24, 1995), Bank's v. Bowen's LandingCorp., 522 A.2d 1222, 1224-25 (R.I. 1987). According to Rhode Island case law, a landlord must maintain those retained portions of the leased premises in a reasonably safe condition for his tenants. Gormely v. Vartian, 121 R.I. 770, 780, 403 A.2d 256, 261 (1979). Unless there is a written covenant or a latent defect known to the landlord but not the tenant, however, a landlord is not obligated to maintain the demised premises. Ward v.Watson, 524 A.2d 1108, 1109 (R.I. 1987). The Supreme Court has also recognized a right to contract away its responsibility to maintain portions of the leased premises. Robataille v.Brousseau, 115 R.I. 27, 30, 339 A.2d 738, 740 (1975).
The record indicates that the sidewalk on which the plaintiff was injured was part of the demised premises under the lease. Affidavit of Michael Renner at 8; Lease at p. 1. Although there was a convenant in the lease that the lessor perform all repairs, it was further covenanted that the lessee provide the lessor with notice of the necessity of such repairs. Lease at Section IX(a). Pursuant to the lease, Marriot did have a duty to give Northeast notice of the need to repair the sidewalk. Ordinarily, notice of a defect or danger to defendant is a question for the jury.Priestly v. First National Stores, Inc., 95 R.I. 212,186 A.2d 334 (1962); McVeigh v. McCullough, 96 R.I. 412, 192 A.2d 437
(1963). Based on the evidence in the record, this Court cannot say as a matter of law that such notice was given and as such the issue of whether Marriot breached the duty to give such notice of a condition needing repair remains a question for the fact-finder.
Accordingly, as this Court finds that defendant did have a duty to give notice of a condition requiring release under the lease, a genuine issue of material fact as to whether such notice was given pursuant to the lease remains. As such, Marriot's motion for summary judgment is denied.
Counsel shall submit the appropriate judgment for entry.
[2] The original parties to the lease, which was dated March 10, 1966, were Darien Enterprising Corporation and Howard D. Johnson Company. Darien Enterprising Corporation's interest in the lease was assigned to Northeast Hotel Associates, the general partner of Northeast Hotel Corporation on December 12, 1986.