Donald TRAVERS

v.

Pedro G. VAZ et al.

No. 97–56–Appeal.

Supreme Court of Rhode Island.

March 13, 1998.

Melody A. Alger, Dennis S. Baluch, Providence.

Michael J. Reed, Jr., Bellingham, MA, Jeanne E. LaFazia, Providence, Jeffrey D. Sowa.

**ORDER**

This case came before the Court on March 9, 1998, pursuant to an order directing the parties to appear and show cause why the issues raised in this case should not be summarily decided. The plaintiff, Donald Travers, has appealed the entry of a summary judgment in the Superior Court in favor of the defendants, William and Nancy Gosselin.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the case will be decided at this time.

On January 10, 1992, at approximately 6:30 in the morning, Zenaide Torres (Torres) was traveling northbound on Route 146 in Lincoln, Rhode Island, when the vehicle she was driving spun around and struck a guardrail apparently because of black ice that had accumulated on the pavement. The Torres vehicle came to rest in the left northbound high speed passing lane facing in the opposite southerly direction. Sometime thereafter, William Gosselin (Gosselin), a defendant in this action, while operating a vehicle owned by Nancy Gosselin, approached the Torres vehicle as he drove north on Route 146. Gosselin stopped his vehicle in the left high-speed passing lane directly behind the Torres vehicle, but still facing north, and allegedly turned on his hazard lights to warn approaching drivers. He exited his vehicle so that he could assist the driver of the Torres vehicle. After observing that Torres was shaken but not seriously injured, Gosselin told her to exit her vehicle, and he helped her to the side of the road. He then drove the Torres vehicle to the right breakdown lane out of the lanes of travel. Almost immediately thereafter, Gosselin's vehicle was hit by a vehicle driven by Kenneth Armstrong (Armstrong), who has unsuccessfully attempted to brake after coming upon Gosselin's vehicle over the crest of a hill. After Armstrong struck Gosselin's parked car, plaintiff collided with the Armstrong vehicle. The plaintiff, who suffered personal injuries as a result of the impact with the Armstrong vehicle, filed a civil action in the Superior Court.

Gosselin moved for summary judgment based on the "Good Samaritan" statute. The Superior Court trial justice granted that motion and entered final judgment in favor of

the Gosselins. The plaintiff has appealed from that judgment.

Section 9–1–27.1 of the General Laws, the so-called Good Samaritan statute, provides that:

"No person who voluntarily and gratuitously renders emergency assistance to a person in need thereof shall be liable or civil damages which result from acts or omissions by such person rendering the emergency care, which may constitute ordinary negligence. This immunity does not apply to acts or omissions constituting gross, willful or wanton negligence."

The plaintiff has asserted that no emergency care or assistance was required and that Gosselin's acts constituted more than ordinary negligence. Therefore, plaintiff argued, the Good Samaritan statute is inapplicable here, and Gosselin is liable for injuries caused by his actions.

It is our opinion that the question of whether Gosselin exhibited ordinary or gross negligence was one for the jury to determine and thus should not have been decided on a summary judgment motion, given our holding that "[i]n Rhode Island the general rule is that negligence is a question for the jury unless the facts warrant only one conclusion." *DeNardo v. Fairmount Foundries Crans., Inc.*, 121 R.I. 440, 448, 399 A.2d 1229, 1234 (1979) (citing *Nelson v. Grilli*, 117 R.I. 538, 368 A.2d 1234 (1977)). Here, the parties disagreed on whether Gosselin acted negligently when he moved his vehicle to the left passing lane and kept it there until after he had moved the Torres vehicle to the breakdown lane.

Additionally, whether there existed an emergency situation that warranted the application of the Good Samaritan statute is also an issue of fact if it was clearly apparent when Gosselin stopped his vehicle that Torres was not in imminent danger. *See, e.g., Buck v. Greyhound Lines,* 105 Nev. 756, 783 P.2d 437 (1989). Moreover, this Court has not addressed the significant issue of whether the Good Samaritan statute can be construed to apply to a third party who is injured in the course of a Good Samaritan's assistance to the original party in need.

Accordingly, for these reasons, the plaintiff's appeal is sustained. The final judgment appealed from is vacated, and the papers in this case are remanded to the Superior Court for a determination by the trial justice on whether the Good Samaritan statute should be extended to third parties and for a determination of the factual questions presented in this case.